JOSEPH M. PRAY et al., as Executors, etc., Appellants, *v.* JOSEPH HEGEMAN, as Executor, etc., et al., Respondents.

The estoppel of a former judgment extends to every material matter within the issue which was expressly litigated and determined, and also to those matters which, though not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered.

It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action.    Subordinate rights or questions which are branches of a larger right or question put in issue, and which under the pleadings in the former action might have been decided, and as to which relief might have been granted, although the principal or main relief was denied, are conclusively determined by a judgment therein upon the merits denying all relief.

The will of M. directed one-third of his residuary estate to be held in trust for his son A. during his life, the income, during his minority, to be added to the principal, and the income of the accumulated fund there-

after to be paid to him, the fund at his death to go to his issue, if any, if not to other beneficiaries. A. brought an action against the executor and others interested, in which he asked judgment declaring the trust void in its creation, and that plaintiff, as heir at law and next of kin, was lawful owner of the securities in which the share and the accumulations were invested, and directing the executor to assign and transfer to him " the money and securities in which the share had been invested and the accumulations thereof." Defendants in their answer averred the validity of the trust. The judgment therein held the trust to be valid, and that it was the duty of the executor to hold the trust fund upon the trust declared. In a subsequent action brought by a judgment creditor of A. to reach the accumulations on the ground that the trust, although otherwise valid was, as to the accumulations, void, and that they belonged absolutely to A ; *held*, that the relief sought was within the scope of the former action and might have been granted therein; that, therefore, the former judgment was a bar against the judgment creditors of A. as well as himself; and that it was available to a son of A. and his representatives, although he was not *in esse* when the judgment was rendered, as his subsequently accruing title was represented by the defendants in the former action, who were then presumptively entitled to the fund.

Also *held*, that a formal waiver by the executor of the benefit of the estoppel could not prejudice or affect the right of the persons beneficially interested.

(Argued February 4, 1885 ; decided March 3, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made September 9, 1884, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term. (Reported below, 33 Hun, 358.)

This action was originally brought by John Dikeman, a judgment creditor of Austin D. Moore, Jr., against said Moore and Joseph Hegeman as surviving executor of the will of Austin D. Moore, to recover the accumulations of interest upon a share of the testator's estate given to the executors in trust for said Austin D. Moore, Jr. The case is reported on a former appeal in 92 N. Y. 508.

The plaintiff and defendant Moore having died during the pendency of the action, their legal representatives were made parties, and Edward D. Moore, a son of said defendant

Moore, and others claiming interests under the will, were brought in as parties defendant.

Austin D. Moore, Sr., died in 1857, leaving a will, which was duly probated. He directed thereby that his residuary estate should be divided into three equal shares, one to be held in trust by his executors for each of his children during life, the income during minority, over and above the amount needed for maintenance and support, to be accumulated and added to the principal of each share. The income from the whole fund thus formed was to be paid to the child during life. The share, consisting of principal and accumulations, was to go, at the death of the child, to his lawful issue, if any; and if not, to the issue of the two other children. Two shares were disposed of according to the terms of the will, leaving that of a minor son, Austin D. Moore, Jr., in the hands of the executor. Accumulations were made on this share during his minority. In 1874, Austin D. Moore, Jr., on arriving at his majority, brought an action against Joseph Hegeman, sole surviving executor and trustee, and others, to recover his said share, principal and accumulations, on the ground that the will was invalid and void in respect to the clause directing the trust and accumulations. In said action it was adjudged that the will was valid in whole and detail; that defendant was not the owner of said share, and that the same was not unlawfully withheld from him, but that it was the duty of the executor to hold the same upon the trust declared.

The former action and judgment was interposed by the defendants as a bar to any recovery in this suit.

*Josiah T. Marean* for appellants. The former action was one for the recovery of specific personal property, capable of identification, and of assignment and manual delivery. (*Ferris* v. *Van Vechten*, 73 N. Y. 119.) The present action is to enforce an equitable lien on such property. The causes of action are different and inconsistent. (*Hudson* v. *Swan*, 83 N. Y. 553; *Graham* v. *Reed*, 57 id. 681; *Bradley* v. *Aldrich*, 40 id. 504; *Ross* v. *Mather*, 51 id. 108; *Barnes* v. *Quigley*, 59

id. 265; *McMichael* v. *Kilmer*, 76 id. 36.) The claim to the ownership of the fund being abandoned, and the defendants not having been in any way misled to their hurt by the assertion of ownership rather than a lien, and the existence of the lien being always as well known to them as to the plaintiff, the right to enforce the lien is in no way affected. (*Mexal* v. *Dearborn*, 12 Gray, 366.) Since the present cause of action was not adjudged in the former action, and since no fact or matter of law upon which this action depends was there expressly determined adversely to the plaintiff, or impliedly so determined by reason of its entering as a necessary element into something expressly determined, or into the denial of relief, therefore the former judgment furnishes no defense. (*Woodgate* v. *Fleet*, 44 N. Y. 13; *Campbell* v. *Consalus*, 25 id. 613; *Dunham* v. *Bower*, 77 id. 76; *Blair* v. *Bartlett*, 75 id. 150; *Collins* v. *Bennett*, 46 id. 490; *Gates* v. *Preston*, 41 id. 113; *Sager* v. *Blain*, 44 id. 445.) Privity with the other defendants in the former action cannot be predicated upon a mere succession by Edward to their situation to make a certain untenable claim. (1 Greenl. on Ev., § 189.) Since the plaintiff in the former action failed, and the property remained with the defendants, and since the defendants had no quarrel between themselves, nothing which was determined became *res adjudicata* as between them. (*Albany City Sav. Bk.* v. *Burdick*, 87 N. Y. 40; *Kennedy* v. *Apgar*, 93 id. 548.) There were no issues whatever between them, in the former action, the plaintiff and the other defendants, except so far as they were in privity with Hegeman in the capacity in which he was there sued, which could in that action be tried and determined, and neither they, nor the defendant, Edward D. Moore, who claims privity with them, can claim any thing there adjudged as an estoppel against the plaintiff, unless Hegeman was present in that action as he is in this, in his representative capacity. (*Paige* v. *Cagwin*, 7 Hill, 372; *Strong* v. *Wheeler*, 5 Pick. 410.) Hegeman, as executor, cannot claim the benefit of an estoppel in his favor individually, and the other defendants as *cestuis que trust* to the executor are in the same situation. (*Rathbone* v. *Hooney*,

58 N. Y. 467.)   The waiver of a former adjudication as an es-
toppel by a trustee is conclusive upon all parties interested or
claiming to be interested as *cestuis que trust* in the property in
his hands sought to be reached.  (Wood on Lim. 386.)   If the
creditor brings an action for administration, the residuary lega-
tee may set up the statute though the executor will not.
(*Partridge* v. *Mitchell*, 3 Edw. Ch. 180 ; *Fuller* v. *Redman*,
26 Beav. 614.)

*Joseph M. Pray and Richard Ingraham*, executors,
appellants in person.  The plaintiffs, as judgment creditors,
are not asserting any title or estate in, or to, the property of
the debtor, and are not in this action in privity with the
judgment debtor, and do not proceed under or by virtue of any
right or interest derived from him.  (1 R. S. 729, § 57 ;
*Williams* v. *Thorn*, 70 N. Y. 270.)   The plaintiffs have the
right as judgment creditors, under the Code, to compel the ap-
plication of the property, which belongs to the debtor, to the
satisfaction of the creditor's demand.   (Code Civ.Pro., § 1871.)
The plaintiffs are not estopped by the judgment recovered in
the action of *Moore* v. *Hegeman*.  (*Cromwell* v. *County of
Sac*, 94 U. S. 351 ; *Kelly* v. *Town of Milan*, 21 Fed. Rep.
863.)   The claim of the plaintiffs can, it is respectfully sub-
mitted, be fully sustained upon the broad ground that there is
not necessarily any privity whatever between a judgment cred-
itor and his judgment debtor.  (*Waters' Appeal*, 35 Penn. St.
523 ; *Kline's Appeal*, 86 id. 363 ; *Chandler's Appeal*, 100 id.
263 ; *Barber* v. *Pres. D. & H. Co. of Hartford*, 8 Conn.
407; Bigelow on Estoppel, 280.)   Even if it could be sustained,
as a proposition of law, that a judgment creditor stands in
privity with his debtor, so that the rule of estoppel by a former
adjudication could be applied to him, yet equity does not, in
this case, require the enforcement of the rule, which is only
applied to prevent vexatious litigation.   (*O'Dougherty* v. *Rem-
ington*, 81 N. Y. 478, 500.)

*Benjamin F. Tracy* for respondents.   A former judgment

of the same court, or of a court of competent jurisdiction, directly upon the point in issue, is, as a plea in bar, or as evidence, conclusive between the same parties or others claiming under them, upon the same matter directly in question, in a subsequent action or proceeding. (*Clemens* v. *Clemens*, 37 N. Y. 74; *Jordan* v. *Van Epps*, 85 id. 436; *Smith* v. *Smith*, 79 id. 634; *Bloomer* v. *Sturges*, 58 id. 176; *Stowell* v. *Chamberlain*, 60 id. 276; *Harris* v. *Harris*, 36 Barb. 88; *Embury* v. *Conner*, 3 Comst. 522.) In discussing what might have been determined in the former action we may look beyond what appears on the face of the judgment to every allegation which, having been made on one side and denied on the other, was at issue and determined in the course of the proceedings. (*Clemens* v. *Clemens*, 37 N. Y. 73.) In discussing what was determined, we may look to the judgment as based on the findings (*Sheldon* v. *Edwards* 35 N. Y. 287), and the findings may be of fact or law, or both. (*People* v. *Stephens*, 51 How. 241; *House* v. *Mullen*, 22 Wall. 46; *Bouchand* v. *Dias*, 3 Denio, 244; *Gould* v. *Evansville R. R.*, 91 U. S. 533; *Birkhead* v. *Brown*, 5 Sandf. 141.) Though the judgment be of mixed law and fact, and the law be erroneous, the judgment is conclusive. (*Collins* v. *Bennett*, 46 N. Y. 495; *Morgan* v. *Plumb*, 9 Wend. 287.) The estoppel extends to every point which properly belonged to the subject of the allegation, and which the parties, exercising reasonable diligence, might have brought forward at the time. (*Gould* v. *Evansville R. R.*, 91 U. S. 533; *Perry* v. *Dickerson*, 85 N. Y. 347.) Even if the original action was to recover specific personal property, and this action is to recover moneys, the fact that the question of title had been passed upon would be fatal. (*Stowell* v. *Chamberlain*, 68 N. Y. 277.) The former action was between the same parties or their privies. (*Candee* v. *Lord*, 2 Comst. 275; *Hersey* v. *Benedict*, 15 Hun, 285; *Curtis* v. *Leavitt*, 15 N. Y. 51; *Hall* v. *Stryker*, 27 id. 603; *Ludington's Petition*, 5 Abb. N. C. 323.) The allegations in the complaint should control the title. (*Christy* v. *Libby*, 35 How. Pr. 119; *Beers* v. *Shannon*, 73 N. Y. 297; *Stilwell* v. *Carpenter*, 62 id. 640;

2 Abb. N. C. 238.) The court will look into the complaint and proceedings to determine the character of the parties thereto. (*Murray* v. *Church*, 1 Hun, 49; *Bartlett* v. *Hatch*, 17 Abb. Pr. 46; *Forrest* v. *Mayor, etc.*, 13 id. 352; *Butterfield* v. *Macomber*, 22 How. Pr. 150; 3 Williams on Executors, 1937, note *n.*) Where the subject-matter of an action against an executor is part and parcel of the estate, and the remedy sought is wholly against the funds of the estate and relative to the estate, and in no sense involves the executor, except in his relation to the estate, the judgment is binding upon the estate beyond a doubt. (1 Greenl. on Ev., § 543.) When a particular will, contract or statute has been once before our Supreme Court and Court of Appeals in a general attack upon its validity, and these courts have, without qualification, declared such a will, contract or statute valid, such declaration should be regarded as a matter of settled law, concluding all further actions or proceedings between the parties or their privies. (*Terry* v. *Wait*, 56 N. Y. 94.) The defendant, Edward D. Moore, stands in privity with the parties to the former action, and is entitled to set up the former judgment as a bar to this action. (*Vail* v. *Vail*, 7 Barb. 243.)

ANDREWS, J. The right of the plaintiff to relief in this action depends primarily upon the validity of the trust in the will of Austin D. Moore, Sr., for the accumulation of the income of the share of the trust estate, held in trust under the will, for the use of the testator's son, Austin D. Moore, Jr., for life. If the direction for accumulation was void, the accumulated fund of $30,000, which the defendant Hegeman has accumulated out of the income of the share of Austin D. Moore, Jr., in pursuance of the direction in the will, belonged to Austin D. Moore, Jr., as his absolute property, and was subject to the claims of his creditors. (*Pray* v. *Hegeman*, 92 N. Y. 508.) The defendants interposed as a defense and bar to the action a former judgment rendered January 24, 1874, in an action brought by *Austin D. Moore, Jr.*, v. *Hegeman, et al.*, which the defendants insist established the validity of the trust

for the benefit of Austin D. Moore, Jr., both as to the trust term and the accumulations, and it is further insisted that the former judgment is *res judicata* between the parties to this action, and as to them determines the point now in controversy. This presents the only question on this appeal.

The general rule is well settled that the estoppel of a former judgment extends to every material matter within the issues which was expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. (*Embury* v. *Conner*, 3 Comst. 522; *Dunham* v. *Bower*, 77 N. Y. 76.) It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action. Whatever is necessarily implied in the former decision, is for the purpose of the estoppel deemed to have been actually decided. This is the principle upon which the malpractice cases, involving the right of a physician to recover for services, after a former judgment against him for negligence or want of skill in the employment for which compensation is claimed, and conversely the right of the patient after judgment against him for services, to maintain a subsequent action for malpractice, were decided. (*Gates* v. *Preston*, 41 N. Y. 113; *Blair* v. *Bartlett*, 75 id. 150; *Bellinger* v. *Craigue*, 31 Barb. 534.) Conclusions of law or fact, which necessarily flow from a judgment, although not expressly found, are not incidental or collateral so as to remove them from the scope of the estoppel within the qualification of the general rule stated by the judges in their opinion in the *Duchess of Kingston's Case* (11 State Trials, 261). The cases where the qualification applies are well illustrated in *Campbell* v. *Consalus* (25 N. Y. 613) and *Woodgate* v. *Fleet* (44 id. 1).

The general purpose of the action in *Moore* v. *Hegeman et al.*, was to recover that part of the estate of Austin D. Moore, Sr., and the accumulations thereof, held by the defendant Hegeman, as executor, for the benefit of the then plaintiff under the trust created by the will, upon the ground that the

trust was void as "unlawfully suspending the power of alienation and otherwise," and that the plaintiff was entitled thereto as heir at law and next of kin of the testator. The plaintiff demanded judgment, declaring the trust to be void in its creation, and that he was the lawful owner of the securities in which the share and accumulations were invested, and directing the defendant Hegeman to assign and transfer to the plaintiff the "money and securities in which the share has been invested, and the accumulations thereof now in his hands as sole executor," etc. The defendants in their answers insisted upon the validity of the trust, and the court found and decided that the trust term was lawful and valid, and that the trust ought to be established and carried into effect, and also that it was the duty of the executor to hold the trust fund upon the trust declared in the will, and judgment was entered in conformity with the decision. The judgment though appealed from, was sustained and is now in full force.

It is undoubtedly true that the object of the plaintiff in bringing the action, was to procure a judgment annulling the entire trust as illegal and invalid, and that the reference in the complaint to the accumulations was not primarily with a view to procuring a judgment as to the validity of the provision for accumulation, independently of the validity of the trust as to the body of the share, but only as a part of the relief to which the plaintiff would be entitled, as incident to the main relief sought. But the plaintiff by asking larger relief than that to which he was entitled, was not precluded from obtaining any measure of relief less than that which he demanded in his complaint which was within the scope of the action. The first action was in general terms to recover the whole trust estate on the ground that the entire trust was void. The present action is to recover the accumulations, on the ground that the trust, though otherwise valid, was as to the accumulations void. If the plaintiff in the first action was entitled to a judgment establishing his right to the accumulations, then manifestly this action is for the same cause. It must be true as a general principle that subordinate rights or questions

which are branches of a larger right or question put in issue, and which under the pleadings may be decided and as to which relief may be given in the action, although the principal or main relief is denied, are determined by a judgment on the merits, denying all relief. There are several tests which can be applied to determine whether the question of the validity of the provision for accumulation, was involved and determined in the first action. Would not an appellate court on appeal from the judgment in the first action, have been bound, if the point had been raised, to reverse it on the ground that it was erroneous in sustaining the entire trust; or could the plaintiff in the first action, after the judgment therein, have brought a new action to recover the accumulations, and would it not have been a good answer to the second action, that he was concluded by the first judgment; or if the plaintiff had recovered the accumulations in the first action, would the judgment have been reversed on the appeal of Hegeman, on the ground that that question was not within the issue. It is, we think, quite plain that the validity of the trust for accumulations was involved, and must be deemed to have been decided, unless the learned counsel for the appellants is correct in his further contention, that the first action was in legal effect an action to recover the specific securities in which both the share and the accumulations were mingled and invested, and that as the plaintiff was not entitled to recover the body of the share, he at most had a lien only on the securities to the extent of the accumulations, which could not be enforced in an action to recover the securities. It is insisted that the denial of relief in the first action was consistent with an admission of the plaintiff's title to the accumulations. But we are of opinion that there is no foundation for the premise, that the first action was in its nature, an action to recover specific personal property. It was an equitable action for equitable relief. The persons presumptively entitled under the terms of the will to the trust fund and accumulations on the death of Austin G. Moore, Jr., without issue, were made parties so as to bind them by the judgment. The question

presented and decided was the validity of the trust. The se-
curities were held by Hegeman, as executor, and the relief, in
case the plaintiff succeeded in the action, either as to the share
or the accumulations, or both, involved an accounting by the
executor in respect to the trust fund, and the transfer of the
securities as incident to the determination of the principal ques-
tion.

It is also insisted by the learned counsel for the appellants
that assuming that the right to the accumulations was involved
and decided in the first action, the judgment is not *res judicata*
in this action, for the reason that the former action was brought
against Hegeman as an individual, and not as executor. That
action was entitled " *Austin D. Moore, Jr.,* v. *Joseph Hege-
man, Exr.*" etc., and the plaintiff averred in the complaint that
the official character of the defendant stated in the title of the
action was given for the purpose of identification. But the
complaint set out the claim made by Hegeman as executor and
trustee, and demanded judgment, among other things, that the
securities in his hands as executor should be assigned and trans-
ferred to the plaintiff. Hegeman answered as executor, setting
up in substance his title. The parties presumptively entitled
under the will to the share of the plaintiff, Austin D. Moore,
Jr., at his death, were brought in as defendants. The liti-
gation exclusively related to the rights of the parties as affected
by the trust, and those rights were declared by the judgment.
Under these circumstances we are of opinion that the action
must be regarded as one against Hegeman in his representative
character. The judgment determined his right as executor,
and was available to those beneficially interested in the estate.

The estoppel of the former judgment was available to Ed-
ward D. Moore, the son of Austin D. Moore, Jr., and his rep-
resentatives, although he was not *in esse* when it was rendered,
on the principle that his title, subsequently accrued, was repre-
sented by the other defendants, who were then presumptively en-
titled to the share by the same title which was subsequently
vested in him. Clearly if Austin D. Moore, Jr., had died with-

out issue, the other defendants, who in that event, under the contingent limitation in the will, would have been entitled to the share held in trust for Austin D. Moore, Jr., for life, would have been entitled to the benefit of the estoppel. Edward D. Moore, who in the event which has happened became entitled to the same interest, stands in the same position. (Story's Eq. Pl., § 144 *et seq.* ; *Monarque* v. *Monarque*, 80 N. Y. 320.)

The defendant Hegeman on the trial of this action, formally waived the benefit of the estoppel. But this he could not do to the prejudice of the persons beneficially interested, who were before the court insisting upon it. The former judgment established that Hegeman stood in the relation of trustee to the beneficiaries of the trust, as well in respect of the accumulations as the body of the share, and so long as that judgment stands unreversed, he cannot divest himself of that character. It is true that the judgment did not specifically determine that the accumulations after the death of Austin D., would belong to his issue, or in case of his death without issue, to the other defendants, but denial of right in Austin, is equivalent to an affirmance of right in the remaindermen, and the decision of the one question necessarily determined the other. The principal counsel for the appellants substantially conceded on the argument, that the plaintiffs, as judgment creditors of Austin D., were bound by the same estoppel which bound their debtor. This is plainly so. (*Candee* v. *Lord*, 2 Comst. 275 ; *Curtis* v. *Leavitt*, 15 N. Y. 51 ; *Hall* v. *Stryker*, 27 id. 596.)

We think the doctrine of *res judicata* applies in this case, and that the judgment of the court below should, therefore, be affirmed.

All concur.

Judgment affirmed.