JAMES H. VAN GELDER, RESPONDENT, *v.* PRENTISS W. HALLENBECK, AS LATE SHERIFF OF GREENE COUNTY, APPELLANT.

*Taxation of the fees of a sheriff for selling real estate under an execution — if the judgment debtor elect to have them taxed he cannot thereafter bring an action to compel the sheriff to account.*

An execution upon a judgment recovered against the plaintiff having been delivered to the defendant, as sheriff, he levied upon certain real estate of the plaintiff and advertised the same for sale. In proceedings, instituted by the plaintiff to vacate the judgment, which were not successful, he procured from time to time injunctions staying the sale of the property, pursuant to which the sheriff postponed the sale from time to time until January 15, 1881, when he sold the real estate for the sum of $1,600.02, that being the sum claimed by him to be necessary to satisfy the execution and the costs and expenses of the sale On the day of and before the sale the plaintiff demanded that the sheriff have his fees taxed, under section 3287 of the Code of Civil Procedure, and tendered an amount which he claimed to be sufficient, which the sheriff refused to receive. After the sale, and on the same day, a motion was made by the plaintiff to vacate the sale and set aside the certificate on the ground of a sufficient tender, which motion and the taxation of the sheriff's fees were brought before, and heard together at, a Special Term, where it was decided that the sheriff was entitled to receive for his costs and fees forty-one dollars and eight cents, instead of $568.68, which was claimed by him; that the tender was sufficient and that the sale should be vacated.

The main item of the sheriff's fees, which were disallowed, were for adjournments made necessary by reason of the injunctions procured by the plaintiff, which the court held were not made by his request or for his benefit, nothing, however, being said in the order, then entered, of the amount of the sheriff's fees. Upon an appeal taken by the defendant the General Term thereafter, and on February 11, 1882, reversed this order upon the ground that the adjournments of the sale were, in effect, at the request and for the benefit of the plaintiff, and that the sheriff was entitled to his fees therefor out of the proceeds of the sale of the property. This decision being, on June 20, 1882, affirmed by the Court of

Appeals, on the opinion of the court below, no retaxation of the costs was ordered and none has been had.

On January 13, 1882, and while the appeal taken to the General Term was still pending, this action was brought to recover a penalty, under section 1436 of the Code of Civil Procedure, for the irregular sale of the real estate. June 22, 1882, two days after the decision of the Court of Appeals was rendered, the complaint of the plaintiff was amended by adding a cause of action for an accounting by the sheriff, upon which cause of action a judgment was recovered for the sum of ninety dollars and thirty-nine cents, found to have been wrongfully retained by the sheriff, with interest and costs.

*Held*, as the amount of the sheriff's fees, and the taxation thereof, was involved and determined by the Special Term and on the appeal from its decision, that the sheriff's fees were settled by the decisions of the General Term and the Court of Appeals, and could not again be litigated in this action. (LEARNED, P. J., and MARTIN, J.; LANDON, J., dissenting, holding that the reversal of the taxation made at Special Term left the sheriff's fees untaxed, and that until taxed he was not entitled to collect any fees.)

That if the plaintiff suffered by his neglect to present to the General Term and Court of Appeals the question of the amount of the sheriff's fees, and to ask to have any items contained therein struck out or reduced, he alone was at fault.

That, as the plaintiff had elected to compel the sheriff to tax his fees, and the sheriff had brought the matter before the court and had them taxed, the plaintiff could not thereafter bring an action for an accounting as to the same fees which the court had already taxed.

APPEAL by the defendant from a judgment entered in Greene county, upon the report of a referee.

The action was brought originally to recover a penalty under section 1436, of the Code of Civil Procedure, for an irregular sale of real property by the defendant, as sheriff, under an execution issued upon a judgment recovered against the plaintiff. The irregularity complained of consisted in making the sale after the judgment debtor had tendered what he claimed to be an amount sufficient to satisfy the judgment and pay the sheriff's fees. The sheriff, not deeming the amount tendered sufficient to cover what he claimed to be his fees, went on and made the sale and delivered a certificate to the purchaser, and received enough money from the purchaser to satisfy the judgment and pay his fees as he claimed them. On the day of and before the sale, the debtor demanded that the sheriff have his fees taxed under section 3287 of the Code of Civil Procedure. After the sale the debtor moved to vacate the sale and set aside the certificate, among other things, on the ground of a sufficient tender. This motion and the taxation of the sheriff's fees were brought on before

the Special Term together, and Judge OSBORN, holding the court, considered the various items of the sheriff's costs, and, in his opinion, stated that the plaintiff was entitled to forty-one dollars and eight cents only, and the tender was, therefore, sufficient. The sheriff claimed $568.68. The main items disallowed were for a large number of adjournments, made necessary by reason of an injunction procured by the judgment debtor, restraining the sale. These the judge at Special Term held were not made by request, or for the benefit of the judgment debtor. The order made at Special Term, however, said nothing about the amount of sheriff's fees. It merely held the tender sufficient, set aside the sale and certificate, ordered money returned to the purchaser, and that the sheriff receive the money tendered in full satisfaction of the judgment, and full payment of his fees. An appeal was taken from this order to the General Term, and while this appeal was yet undetermined, and January 13, 1882, this action was brought to recover the penalty for the illegal sale. Thereafter, and February 11, 1882, the General Term reversed the order, and denied the motion to set aside the sale and certificate. (26 Hun, 356.) The ground of the reversal was that the adjournments of the sale *were* in effect at the request and for the benefit of the judgment debtor, and the sheriff was entitled to his fees therefor, out of the proceeds of the sale of the property. An appeal was taken to the Court of Appeals and the decision of the General Term was affirmed upon the opinion of the court below. (89 N. Y., 633.) This latter decision was rendered June 20, 1882, and June 22, 1882, the complaint of the plaintiff was amended by adding a cause of action for an accounting by the sheriff, upon which cause of action a recovery was had for the amount of ninety dollars and thirty-nine cents which the referee found that the sheriff had wrongfully retained, beyond the amount he was entitled to, with interest thereon.

*James B. Olney*, for the appellant.

*James H. Van Gelder*, for the respondent.

WILLIAMS, J.:

The first point that attracts our attention is that the judgment debtor having first elected the remedy of having the sheriff's fees taxed, and the sheriff having brought the matter before the court and

had his costs taxed, the judgment debtor could not then bring an action for an accounting as to the same fees which the court had already taxed. The action was brought while Judge OSBORN's order was still unreversed, before the decision of the General Term was made reversing the original order. True, this cause of action was not then in the complaint, but when it was put in the trial had to take place as of a cause of action existing at the time of the commencement of the action; and this was, as I have said, before the decision of the General Term. It would not seem to be proper to bring an action to settle and determine what the sheriff's fees were, while the fees had already been taxed and fixed by Judge OSBORN at the request of the judgment debtor. The debtor, as the law of the case then was, could maintain the action for the penalty, but not an action to fix and determine the sheriff's fees. He could then maintain no action for fees improperly retained by the sheriff, because the sheriff had no fees except such as the debtor had voluntarily tendered him. He had been directed to pay back the purchase-money secured on the sale, and to accept the tender. If that decision had remained in force this action could not have been maintained. The decision by Judge OSBORN, however, before the trial of this action, had been reversed, and the sheriff left in the possession of the money received upon the sale of the real property. The sale had been determined to be valid by the Court of Appeals, and the questions remaining are whether the sheriff had received more fees than he was entitled to, and if he had, whether they could be recovered in this action. The difficulty in settling these questions arises out of the contention in behalf of the sheriff that his fees had been taxed and fixed by the General Term and Court of Appeals, and were not, therefore, the subject of a new adjudication. The question of taxation of the sheriff's fees was before the Special Term, as well as the motion to set aside the sale and certificate, but the order made did not, in express terms, tax or fix the fees. It merely set aside the sale and certificate on the ground that the tender was sufficient to cover the fees. The General Term reversed the order of the Special Term, upon the ground the tender was not sufficient to cover the sheriff's fees, and this decision was affirmed by the Court of Appeals. The orders of the courts made no direct reference to the items or amount of the sheriff's fees, and

the only thing *apparently* determined was whether the tender was sufficient to cover the amount of fees to which the sheriff was entitled. The question as to the validity of the sale could not be determined except by considering to some extent the amount of the sheriff's fees. The sheriff claimed his fees were $568.68, the judgment debtor claimed they were only about forty-one dollars and eight cents. The tender was sufficient to cover the forty-one dollars and eight cents, but not much more. The opinion of the Special Term indicates that the court regarded the sheriff's fees as the sum of forty-one dollars and eight cents only, upon the ground that none of the fees or expenses incurred for postponements were at the request or for the benefit of the debtor, and, therefore, they could not be charged to the debtor or taken from the proceeds of the sale. The Special Term did not, in its opinion, consider the question as to what amount of fees and expenses the sheriff would be entitled to for postponements, if he were entitled to charge them to the debtor and take them from the proceeds of the sale at all. The General Term reversed the order by the Special Term on the ground that the fees and expenses of the postponements were chargeable to the debtor, and entitled to be deducted from the proceeds of the sale. No consideration was given by the General Term to the question of what amount was properly so chargeable and entitled to be deducted. This seems to state pretty accurately the facts, and the question then arises whether by these various decisions the fees of the sheriff were fixed and taxed at the amount claimed by him? It is urged in behalf of the sheriff that the Special Term did tax the same at forty-one dollars and eight cents, and that the amount of the fees was involved at the General Term and in the Court of Appeals; and inasmuch as no request was made that the matter of taxation be sent back to the Special Term to have the particular amounts charged by the sheriff for postponements passed upon, and no request was made that the General Term itself pass upon the items, but the judgment debtor saw fit to rely upon the question as to whether the sheriff was entitled to any fees at all for such postponements, he cannot now be heard to allege that the amount of such items of fees was not involved.

There seems to be no dispute but that the amount of fees, the taxation thereof, was involved and determined by the Special Term;

and I see no reason why the same thing was not involved on the appeal from the decision of the Special Term. The fair result of the decision of the General Term and of the Court of Appeals was to determine that the fees were as claimed by the sheriff. If the judgment debtor suffered by neglect to present the question of amount, less than that claimed, and to ask relief based upon such presentation, he alone is at fault. Every question fairly involved in a decision will be regarded as decided. I am of the opinion the sheriff's fees were settled by the courts in that proceeding, and could not be again litigated in this action. This conclusion leads me to vote for reversal of the judgment appealed from, and for a new trial before another referee, costs to abide event.

LEARNED, P. J.:

The defendant, then sheriff, held an execution against the present plaintiff, issued in February, 1877. Proceedings thereon were stayed, from time to time, by an injunction issued in an action by the present plaintiff against Jacob Van Gelder and others, who were the plaintiffs in that execution, and such stay continued till nearly January 15, 1881, when the sale of land took place under the execution. On the very day of sale, this plaintiff served a demand on the sheriff that his fees be taxed. The sheriff gave notice of such taxation, and the same was had before Mr. Justice OSBORN, March 8, 1881. At the same time, and before the same justice, was heard a motion by the present plaintiff to set aside the sale. Mr. Justice OSBORN made an order setting aside the sale and deciding some other points, and practically taxing the sheriff's fees for printing and poundage at forty-one dollars and eight cents. An appeal was taken to the General Term, and the matter was decided January, 1882. (*Van Gelder* v. *Van Gelder*, 26 Hun, 356.) It will appear in the opinion of the General Term that the question related to the sheriff's right to collect the printer's fees for the postponements after six weeks. Mr. Justice OSBORN had held that the sheriff was not entitled to collect these fees, and had stricken them out of the bill; and that was really the question at issue. The present plaintiff insisted that although he had, by his injunction, prevented the sheriff from proceeding, yet that the fees for publishing beyond six weeks could not be collected on the execution.

(Code Civil Pro., § 3307, subd. 9.)  Mr. Justice OSBORN so held.
On the appeal the General Term held otherwise and reversed Mr.
Justice OSBORN's order, with ten dollars costs.  On appeal to the Court
of Appeals, the order of the General Term was affirmed on opinion
below (*Van Gelder* v. *Hallenbeck*, 89 N. Y., 633), June 20, 1882.

Now it is true that no formal order taxing the sheriff's fees in
accordance with that reversal was ever entered.  As the question
made upon these fees was the right to collect the whole of them, it
was evidently thought that the reversal by the General Term of
Mr. Justice OSBORN's order, which had stricken out these printer's
fees, had replaced them in the bill and had taxed the bill as pre-
sented by the sheriff.  The sheriff had done his duty.  He had
applied for taxation.  (Code Civil Pro., 3287.)  Whatever on such
taxation, before Mr. Justice OSBORN, was not stricken out by the
justice, was thereby allowed.  Mr. Justice OSBORN struck out the
printer's fees, and the General Term and Court of Appeals restored
them.  Then this plaintiff, in January, 1882, about the time that the
appeal to the Court of Appeals was taken, sued the sheriff in this
action for the penalty of $1,000, under section 1436.  Afterwards,
on the 22d of June, 1882, two days after that appeal had been
decided, he obtained leave to serve an amended complaint, and in
August, 1882, he amended his complaint and sued also for money
remaining in the sheriff's hands.

Now this question was fully settled on the motion for taxation.
Every opportunity was there afforded this plaintiff to make such
objections to the sheriff's bill as he chose.  If Mr. Justice OSBORN
had taken the view entertained by this court and by the Court of
Appeals the sheriff's bill would have been taxed at the amount
presented.  He took a different view and struck out the printer's
fees for publication after six weeks.  The General Term and Court
of Appeals restored them by reversing his decision.  The recital of
facts in the opinion of the General Term states distinctly that the
printing disbursements were $500 (strictly $500.05).  Those
disbursements the appellate courts held should have been allowed
on taxation.

If there had been any question as to the amount, properly taxable,
of these disbursements, that could have been presented on the appeal
from the order of Mr. Justice OSBORN.  And the General Term

could have been requested in case it should hold that such disbursements were allowable to adjust the disbursements at the sum at which only this plaintiff now insists they should be allowed. And the General Term could have done this, modifying the order of Mr. Justice OSBORN accordingly. But this was not the position taken. Whether this plaintiff made, or did not make, a point as to the exact amount of these printing disbursements, whether his point was or was not as to the right to allow them at all after the first six weeks, still the court must have passed upon the question of amount. The estoppel of a former judgment extends to those matters which though not expressly determined are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. Whatever is necessarily implied in the former decision is for the purpose of the estoppel deemed to have been actually decided. (*Pray* v. *Hegeman*, 98 N. Y., 361; *Osterhoudt* v. *Rigney*, 98 id., 222.)

Now it was expressly implied in the former decision that the whole reduction by Mr. Justice OSBORN of the sheriff's bill of fees for poundage and printing down to forty-one dollars and eight cents was wrong; that no item which had been stricken out should have been stricken-out. If this was not involved then his order would not have been reversed, but only modified. This plaintiff had the opportunity then to make objections, if he had any, to the amount of these fees for printing. And whether such objections were, or were not, presented or actually decided, these matters were comprehended in the decision made. And this defendant ought not to be again vexed for the same matter. The matter before the court at the Special Term, the General Term and in the Court of Appeals was the taxation of the sheriff's bill, brought before those courts at this plaintiff's request, and the correctness of the sheriff's bill as presented was sustained. The court did not send the matter back for retaxation, because that was not necessary. Even the order of Mr. Justice OSBORN was not a formal taxation, although in effect it taxed the fees as above stated.

That the order of the General Term and that of the Court of Appeals, were really taxations of this bill, will appear more fully if we look at the whole order granted by Mr. Justice OSBORN and some facts connected therewith. This plaintiff on the day of sale

tendered $1,080, as an amount sufficient to pay execution fees and everything. The sheriff sold on that day this plaintiff's property and received $1,600.02, being, as he claimed, the amount due on the execution and for fees and everything. This plaintiff moved as before stated, to set aside that sale, claiming that this tender of $1,080 (kept good), should have been accepted. Mr. Justice OSBORN held that that tender was good and provided in his order for the repaying to the purchaser of the $1,600.02, and for the sheriff's accepting the $1,080 then in court. Now when the General Term reversed this order, they must have thereby justified the sheriff in selling property enough to make $1,600.02 For that amount was paid by a purchaser at this plaintiff's request. And in this connection we must notice that the taxation before Mr. Justice OSBORN, was a special motion, and the appeal to the General Term brought up the whole matter in all its aspects. So too of the appeal to the Court of Appeals. The decision of the appellate courts was not like the granting of a new trial, which leaves the case undecided. But it was a final determination of the matter. If, for any reason, the order failed to express this, the defendants should not suffer by a merely clerical error.

The court should see that its decision on the whole matter should not be drawn into controversy again, to the vexation of a public officer. There is another difficulty. When this action was commenced the appeal from Judge OSBORN's decision was pending. How could the defendant go on to have another taxation in the face of the pending appeal? To have done so would have been quite irregular and improper. That appeal was brought by this plaintiff and while he was thus litigating in the highest court this question of what fees should be allowed, he commenced the present action. And only two days after that decision in that court the plaintiff obtained leave to amend his complaint. So that the sheriff could not, in those two days have served notice of another taxation, had he desired.

I think the judgment should be reversed, new trial granted, referee discharged, costs to abide event.

LANDON, J. (dissenting):

The appellant urges, that the plaintiff by his demand that the sheriff's fees upon the execution be taxed according to law, elected

to adopt that remedy, and therefore cannot maintain this action· Section 3287, Code Civil Procedure, provides, that " each sheriff or coroner who, upon the collection of an execution * * * claims any fees which have not been taxed, must, upon the written demand of the person liable to pay the same, cause them to be taxed within the county, upon notice to the person making the demand, by a justice of the Supreme Court or a county judge. After such a demand is made, the officer cannot collect his fees until they have been so taxed."

It is thus made the duty of the sheriff to procure the taxation of his fees. In this case the fees were taxed, but the sheriff, dissatisfied with the taxation, procured, upon appeal, an order reversing the taxation, and no subsequent taxation was ordered or made. The demand for taxation, made upon the day of sale, ought not to be effective to postpone the sale. ( *Van Gelder* v. *Van Gelder*, 26 Hun, 356.) But the sheriff should procure the taxation within a reasonable time afterwards, and ought not to be allowed to retain any greater sum as fees than the taxation accords him. The sheriff sold the plaintiffs real estate by virtue of the law which the plaintiff was powerless to resist. The law accords the sheriff certain fees, which, if taxed upon demand, the plaintiff cannot resist. But the section of the Code above cited, protects him, upon his demand, from illegal or extortionate exaction. He made the demand, but has not been granted the protection· The sheriff is in the wrong. He can collect no fees, after such demand, until they have been taxed, and therefore without a taxed bill he has, strictly speaking, no title to the money retained by him as fees. This action, therefore, is well brought, and the sheriff is liberally treated in being allowed to retain so much of the moneys in his hands as might have been taxed in his favor. The plaintiff by demanding a taxation gave the sheriff an opportunity to protect himself, and had the sheriff accepted the taxation, the plaintiff no doubt would have been bound by it, but the plaintiff thereby did nothing inconsistent with his right to bring an action against the sheriff for moneys the latter neglected to establish any right to retain.

The referee allowed the sheriff all the fees the law warranted. When the sale was postponed, the publication of the notice of sale was continued, but not renewed (Code Civil Pro., § 3307), and hence

only fifty cents per folio was chargeable for "continuing the publication," every such publication being "subsequent" to the first. (Id., § 3317.) The sheriff was entitled to only one fee of two dollars for advertising the property. The statute provides no more. (Id., § 3307, sub. 9.) The referee finds that the sheriff incurred no "trouble and expense in taking care of the property," by reason of the stays granted, and hence was entitled to no compensation therefor under subdivision 7 of section 3307. His actual trouble was in attending to the postponements, and for this no fees are allowed.

The judgment should be affirmed, with costs.

Judgment reversed, new trial granted, reference discharged, costs to abide event.