(22 Misc. Rep. 256.)

### SWAN v. MUTUAL RESERVE FUND LIFE ASS'N.

(Supreme Court, Special Term, Onondaga County. January, 1898.)

1. JUDGMENT—ENTRY—LEAVE OF COURT.

  Where an interlocutory judgment overruling a demurrer has been reversed with leave to plaintiff to amend his complaint on payment of costs, it is error to enter a final judgment on failure of plaintiff to comply, without leave of court, as provided for by Code Civ. Proc. § 1222, unless the interlocutory judgment directs a final judgment, as it may do under section 1021.

2. SAME—CORRECTION—REMEDY.

  Where an interlocutory judgment was broader than the decision on which it was based, in that it authorized the entry of final judgment on the failure of plaintiff to do certain things, it should be corrected on motion, and plaintiff cannot remedy it by motion after he has appealed therefrom.

3. APPEAL—SUPERSEDEAS—SCOPE.
   Where plaintiff appeals from an interlocutory judgment, and gives an undertaking which operates as a stay, defendant cannot thereafter enter a final judgment for a default of plaintiff in complying with the interlocutory judgment occurring before the appeal was taken.

4. SAME—JUDGMENT—VACATION.
   Where the appellate division has allowed an appeal to the court of appeals from their decision on an interlocutory judgment, it is proper for the trial court to vacate a final judgment entered thereon before the appeal was perfected, so as to not prejudice appellant.

Action by Joseph B. Swan against the Mutual Reserve Fund Life Association. From an interlocutory judgment overruling a demurrer to the complaint, defendant appealed, and the judgment was reversed (46 N. Y. Supp. 841), with leave to plaintiff to amend his complaint on payment of costs of the demurrer and of the appeal. Thereafter a final judgment was entered on his default so to do, and plaintiff moves to set it aside and stay proceedings under the interlocutory judgment until after the determination of the appeal from the same to the court of appeals. So ordered.

William Kernan, for the motion.
W. T. B. Milliken, opposed.

HISCOCK, J. In this action the defendant demurred to plaintiff's complaint. Interlocutory judgment was entered upon the decision of the special term, overruling the demurrer with costs, and with leave to the defendant to answer. Defendant appealed from such interlocutory judgment to the appellate division, where a decision was rendered, and order made "that the interlocutory judgment and order so appealed from be, and the same are hereby, reversed, with costs, and demurrer sustained, with costs, with leave to the plaintiff to amend his complaint upon payment of costs of the demurrer and of his appeal." 46 N. Y. Supp. 841. Subsequently, and on or about August 30, 1897, the defendant entered an interlocutory judgment upon said order and decision, substantially complying therewith as far as they went; but adding the following:

"Adjudged that upon the failure of the plaintiff so to amend his amended complaint and pay the said costs within the said twenty days as aforesaid, that final judgment be entered forthwith in favor of the defendant, dismissing the amended complaint of the plaintiff herein, with costs."

Without dwelling upon an intermediate attempt which the plaintiff made to appeal from said interlocutory judgment to the court of appeals, pursuant to an order made by the appellate division on or about October 13, 1897, allowing such appeal, and certifying certain questions to be reviewed thereon (47 N. Y. Supp. 1149), the plaintiff, on or about October 25, 1897, took an appeal from the interlocutory judgment entered upon the decision and order of the appellate division, as above mentioned, to the court of appeals, which is now pending. See 49 N. E. 258. Upon such appeal he gave an undertaking which is described in the moving papers as the one "required by law upon such appeal." After said appeal had so been taken, and on or about November 30, 1897, defendant, without application to the court, entered and served a copy of a final judgment with notice of entry thereof, purporting to

be entered upon the interlocutory judgment heretofore mentioned, dismissing plaintiff's complaint, plaintiff not having served the amended complaint provided for in said interlocutory judgment.

Plaintiff insists that he will be prejudiced upon the argument in the court of appeals of his appeal allowed by the appellate division from the interlocutory judgment entered upon its decision, by the existence of the final judgment entered upon said interlocutory judgment, and that said final judgment should be set aside—First, because it is irregular, in that it does not conform to the original decision of the appellate division, and was made without any application to the court; secondly, because the appeal from the interlocutory judgment, with the giving of an undertaking, operated as a stay thereunder, and prevented the entry of said final judgment; thirdly, if for no other reason, as a matter of discretion under all of the facts set forth in the moving papers.

I do not think that the final judgment entered was authorized without application by the terms of the original decision and order of the appellate division, which did not provide for or direct the form of any final judgment to be entered. The interlocutory judgment, however, which was entered upon said decision and order, did provide for the entry of such a final judgment, and makes its entry regular without application to the court. Code, §§ 1021, 1222; Mining Co. v. O'Neill (Sup.) 22 N. Y. Supp. 130.

If this interlocutory judgment was in this respect too broad or unauthorized, it should have been corrected upon motion; and the plaintiff, having not only failed to make such motion, but having recognized and ratified the regularity thereof by his appeal and other proceedings set forth in the moving papers, has not the right to raise this question at this time.

The affidavits, as above indicated, are somewhat meager and indefinite as to the form of the undertaking given by plaintiff upon his appeal to the court of appeals from the interlocutory judgment, but I assume that it is in accordance with the provisions of Code, § 1326. This being so, it would operate as a stay of proceedings under said interlocutory judgment, except in the cases provided by section 1327, etc., of which this is not one. Defendant's answer to this contention, however, is that, under the terms of the interlocutory judgment entered, plaintiff had become in default before the authorized appeal was taken and undertaking given, and that, therefore, by virtue of such default, final judgment could be entered after the appeal and undertaking. I do not think this is so. While plaintiff may have so gotten in default before the appeal was taken that he could not have served an amended pleading under the terms of the interlocutory judgment, I think, on the other hand, that defendant, by the taking of said steps, was stayed from thereafter taking any proceedings under his interlocutory judgment. Even if I am wrong upon this subject, I think, as a matter of discretion, the final judgment should be vacated. The appellate division, upon argument and full consideration of the matter, has deemed it worth while and proper to allow an appeal to the court of appeals. 47 N. Y. Supp. 1149. Such being the fact, it does not seem necessary or best to run the risk even of embarrassing such appeal by the entry of said final judgment. Its entry has been delayed for several months, when, upon

defendant's theory, it could have been entered, and I cannot see that any harm will result from delaying such entry a short time longer.

The motion, therefore, to vacate said judgment, and stay further entry thereof, is granted, with leave to the defendant, however, if a proper undertaking has not been executed sufficient and suitable to stay proceedings under said interlocutory judgment, to apply for an order requiring the execution of such a one.    Ordered accordingly.