WARD et al. v. SIRE.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

**1. JUDGMENT—CONCLUSIVENESS OF ADJUDICATION.**

In an action to recover installments of commission under a broker's contract, a judgment in a former action to recover previous installments, construing the contract and establishing its validity, is conclusive as to such matters.

**2. EVIDENCE AT FORMER TRIAL—ADMISSIBILITY.**

In an action on contract, the record of a former action between the same parties, establishing the contract, is admissible in evidence to establish the contract only.

**3. SAME.**

In an action by a broker to recover installments of commission, under an agreement that they should be due when the principal had received $30,000 from the purchaser, the fact that the record of a former action between plaintiff and his principal to recover prior installments, which, under the contract, were due when the principal had received $10,000, was admitted in evidence, and contained testimony of defendant to the effect that he had received the $30,000, does not make such testimony evidence in the subsequent trial, where that fact was not in issue in the former trial, but such testimony can only be availed of by producing a witness who heard him so testify.

Appeal from trial term, New York county.

Action by Martin J. Ward and another against Meyer L. Sire. Judgment for plaintiffs, and defendant appeals. Reversed.

Argued before PATTERSON, P. J., and RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Albert I. Sire, for appellant.

Samuel A. Noyes, for respondents.

McLAUGHLIN, J. The plaintiffs, real-estate brokers, brought this action to recover the last four installments mentioned in the following contract (a balance alleged to be due them for services in leasing for the defendant certain real property):

"New York, Oct. 28, '95.

"I, the said M. J. Ward & Co., agree to accept the following payment, which shall be in full for commission, providing M. L. Sire leases the Stewart to R. A. Stranahan. Payment as follows:

| | | |
|---|---|---|
| $300 due when ............................................. | $ 5,000 | Pd. |
| $300 " · " ............................................. | $10,000 | Pd. |
| $450 " " ............................................. | $15,000 | Pd. |
| $450 " " ............................................. | $20,000 | Pd. |
| $250 " " ............................................. | $25,000 | Pd. |
| $250 " " ............................................. | $30,000 | Pd. |

"I also further agree that no part of the $2,000 shall be due, without the said payments are made. M. J. Ward."

The complaint alleged that in a prior action between the same parties it had been adjudged and determined that the defendant made this contract with the plaintiffs, and that under it they were entitled to receive from him the amount therein specified when he had received from Stranahan the sum of $30,000, and that in the prior action they had recovered the first two installments mentioned,—over $10,000 and less than $15,000 having been then re-

ceived,—and in this action they were entitled to recover the other installments, he having received $30,000. The answer, among other things, denied that the defendant was indebted to the plaintiffs in any sum whatever, or that $30,000 had been received from Stranahan, and it also alleged that the recovery and satisfaction of the judgment in the prior action was a satisfaction of the cause of action set out in the complaint in this action.

Upon the trial it appeared that an appeal was taken by the defendant from the former judgment, which was affirmed by this court (36 App. Div. 639, 56 N. Y. Supp. 1118), and the printed case used on such appeal was received in evidence against the defendant's objection and exception. After offering this record in evidence, the plaintiffs rested. The defendant offered no evidence. The trial court thereupon directed a verdict for the plaintiffs, against the objection and exception of the defendant, for the amount claimed in the complaint, and from the judgment entered thereon the defendant has appealed.

The trial court held that the validity and construction of the contract referred to were settled and determined by the judgment in the prior action, and that such construction was binding and conclusive, not only upon the court, but upon the parties in this action. That this ruling was correct cannot be seriously questioned. Numerous authorities might be cited to the effect that a judgment of a court of competent jurisdiction is final and conclusive, so long as it remains in force, between the parties as to all questions actually determined, as well as to those necessarily connected with the subject-matter of the litigation, either as matter of claim or defense. Pray v. Hegeman, 98 N. Y. 351; Jordan v. Van Epps, 85 N. Y. 436; Smith v. Smith, 79 N. Y. 634; Clemens v. Clemens, 37 N. Y. 74; Castle v. Noyes, 14 N. Y. 329; Doty v. Brown, 4 N. Y. 71. It is equally well settled that, for the purpose of ascertaining what was in issue and determined by a former judgment, the record of the former trial may be resorted to, and, if this leaves the matter in doubt, then parol evidence of that fact is admissible. Campbell v. Rankin, 99 U. S. 261, 25 L. Ed. 435. The trial court, therefore, did not err in overruling the defendant's objection and receiving this record; but that record, as such, was only admissible for the purpose of establishing the contract, but whether it was proven that anything was due upon the contract depended upon the evidence offered upon the trial.

But it is urged by the respondents that the defendant testified upon the former trial, as appears from the record offered in evidence, that he had at that time received from Stranahan $30,000, and that this was sufficient to establish the allegations of the complaint on the trial of this action. But there is no force in this suggestion. The testimony given by the defendant on the former trial, as set out in the record on appeal from the judgment therein rendered, is not only not conclusive of the fact which it purports to establish (that fact not being there in issue), but it has no force whatever as evidence on this trial, as tending to establish that $30,000 had been received by him. If the defendant gave such testimony, it could only be resorted to and used upon the last trial by proving that he did so testify on the former

trial, and such proof could be given only by calling a witness who would testify to that fact. The record, so far as that fact was concerned, did not tend to establish it. It was not evidence of an admission by the defendant that $30,000 had been received, and manifestly did not prevent his proving the contrary. No evidence whatever was given showing or tending to show that the defendant, prior to the commencement of the action, had received the sum from Stranahan, which entitled the plaintiffs, under the former judgment, to recover the amount claimed in this action.

It follows, therefore, that the court erred in directing a verdict for the plaintiffs; and for the error thus committed the judgment appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.