## GOLDBERG v. ZIEGLER et al.

### (Supreme Court, Appellate Term.   March 21, 1905.)

RES JUDICATA—EFFECT OF JUDGMENT.

> The defense of res judicata in an action for damages for breach of contract to dye furs—it being alleged the work was done so unskillfully that they were injured—is established by a judgment for defendants in an action by them against plaintiff for dyeing the furs, as plaintiff's claim was matter for defense or counterclaim in the first action, and might there have been fully determined.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Lyman Goldberg against Samuel Ziegler and another. From a judgment for plaintiff, defendants appeal.   Reversed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Boudin & Liebman, for appellants.
Shafer & Levin, for respondent.

BLANCHARD, J.   This action is brought to recover damages for breach of contract.   The plaintiff claims that certain skins and furs delivered by him to the defendants to be dyed were so unskillfully treated by the defendants that they were burnt.   At the trial the plaintiff recovered a judgment, from which the defendants appeal.

The only question requiring determination is that raised by the defense of res adjudicata.   At the trial the defendants proved a judgment roll of the Municipal Court showing that the defendants here had, as plaintiffs in the former action, recovered a judgment against the plaintiff in this action for the value of their services in dyeing these same skins and furs.   The defendants thereby established their defense of former adjudication, because plaintiff's claim in this action was matter for defense or counterclaim in the former action, and might have been there considered and fully determined.   Pray v. Hegeman, 98 N. Y. 351.

The judgment appealed from should be reversed, and judgment rendered in favor of the defendants, with costs.   All concur.