### FERGUSON v. BIEN et al.

(City Court of New York, Special Term. January, 1907.)

JUDGMENT—CORRECTION—CONCLUSIVENESS.

  · Where defendants did not plead certain alleged payments as a partial defense, and plaintiffs offered to allow defendants to make proof of any payments which they claimed, but defendants failed to do so, whereupon judgment was rendered against them, which was affirmed on appeal, such judgment was conclusive as between the parties as to all questions determined and necessarily connected with the subject-matter of the litigation, either as matter of claim or defense, and the Special Term had no power thereafter to "correct and revise it" by allowing defendants credit for such alleged payments.

  [Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1234–1268.]

Action by Julius M. Ferguson against Franklin Bien and others. On motion to correct and revise a judgment. Denied.

Ferguson & Ferguson, for plaintiff.
Franklin Bien, pro se.

WADHAMS, J. Motion is made to "correct and revise" the judgment of $962.18 by giving defendants credit for $214.26, the amount of certain payments alleged to have been made after action was begun and before judgment was entered, or "that plaintiff be compelled to accept from defendants the sum of $934.18 in full payment," and execute satisfaction pieces of judgment, or, if plaintiff declines to accept, that defendants be permitted to pay the money to the clerk of the court. The defendants did not plead the payments as a partial defense, and it appears from the minutes at the last trial that plaintiff offered to allow the defendants to make proof of any payments which they claimed, but the defendants failed to make such proof, preferring to stand on the case as it stood. Judgment was thereupon entered for the full amount. An appeal was taken to the Appellate Term,

and the judgment was affirmed (101 N. Y. Supp. 100). The parties
have had their day in court, and the judgment is conclusive as be-
tween them. Mr. Justice McLaughlin, in Ward v. Sire, 52 App.
Div. 443, 445, 65 N. Y. Supp. 101, 102, said:

"A judgment of a court of competent jurisdiction is final and conclusive so
long as it remains in force between the parties as to all questions actually
determined, as well as those necessarily connected with the subject-matter of
the litigation, either as matter of claim or defense."

And it has repeatedly been held that the court at Special Term has
no power to correct a judgment in a material particular after an
appeal from the judgment has been heard and determined. Meldon
v. Devlin, 39 App. Div. 582, 57 N. Y. Supp. 670; Swan v. Mut. Re-
serve F. L. A., 22 Misc. Rep. 256, 258, 50 N. Y. Supp. 46.

But it is urged that the court may direct that the judgment be satis-
fied by payment of a less sum than that recovered. This is not a case
where a part payment has been made after entry of a judgment and
in satisfaction thereof. The payments (which are not conceded)
would, if proof had been made of them at the time of the trial, have
presented a question of fact, which might then have been met, and
would have raised questions of law which the defendants have avoid-
ed by withholding such proof. They may not be permitted to take
advantage of the right to limit the questions before the court at the
trial, and now, without incurring the risk to which proof of part
payment would have subjected them, to reduce the amount of the
verdict. To compel a satisfaction for a less sum than the face of
the judgment would in effect be a modification of the judgment.

Motion denied, with $10 costs.