JULIUS M. FERGUSON, Plaintiff, *v.* FRANKLIN BIEN and DORA H. NELLIS, Defendants.

(City Court of New York, Special Term, April, 1907.)

Judgment — Amendment and correction in same court — What errors or defects may be corrected — Matters of substance — Payments after suit brought.

A judgment cannot be modified on motion after its entry by deducting payments alleged to have been made after the suit was begun and before judgment was entered and which should have been proved at the trial, opportunity therefor having been offered; nor can an order be made providing for its discharge on the payment of a less sum than the amount of it.

MOTION to correct judgment.

Leslie C. Ferguson, for plaintiff.

Franklin Bien, for defendant.

WADHAMS, J. Motion is made to "correct and revise" the judgment of $962.18 by giving defendants credit for $214.26, the amount of certain payments alleged to have been made after action was begun and before judgment was entered or "that plaintiff be compelled to accept from defendants the sum of $934.18 in full payment," and execute

satisfaction pieces of judgment, or, if plaintiff declines to accept, that defendants be permitted to pay the money to the clerk of the court. The defendants did not plead the payments as a partial defense, and it appears from the minutes at the last trial that plaintiff offered to allow the defendants to make proof of any payments which they claimed, but the defendants failed to make such proof, preferring to stand on the case as it stood. Judgment was thereupon entered for the full amount. An appeal was taken to the Appellate Term and the judgment was affirmed. The parties have had their day in court, and the judgment is conclusive as between them. Mr. Justice McLaughlin, in Ward v. Sire, 52 App. Div. 443, 445, said: "A judgment of a court of competent jurisdiction is final and conclusive, so long as it remains in force, between the parties as to all questions actually determined, as well as those necessarily connected with the subject-matter of the litigation, either as matter of claim or defense." And it has repeatedly been held that the court at Special Term has no power to correct a judgment in a material particular after an appeal from the judgment has been heard and determined. Meldon v. Devlin, 39 App. Div. 582; Swan v. Mutual Reserve F. L. Assn., 22 Misc. Rep. 256, 258. But it is urged that the court may direct that the judgment be satisfied by payment of a less sum than that recovered. This is not a case where a part payment has been made after entry of a judgment and in satisfaction thereof. The payments (which are not conceded) would, if proof had been made of them at the time of the trial, have presented a question of fact which might then have been met, and would have raised questions of law which the defendants have avoided by withholding such proof. They may not be permitted to take advantage of the right to limit the questions before the court at the trial, and now, without incurring the risk to which proof of part payment would have subjected them, to reduce the amount of the verdict. To compel a satisfaction for a less sum than the face of the judgment would in effect be a modification of the judgment. Motion denied, with ten dollars costs.

Motion denied.