### SPRAGG v. BARTON.

(Supreme Court, Appellate Division, Third Department. July 8, 1913.)

JUDGMENT (§ 594*)—MATTERS CONCLUDED—RIGHT UNDER CONTRACT OF EMPLOYMENT.

Where plaintiff entered into a contract of employment as a farm laborer at $30 a month with firewood and the use of the house and a small parcel of land, and removed from the land, and brought action to recover damages for breach of the contract of employment, and recovered a verdict, plaintiff, if the contract was terminated, was entitled to recover in a single action all the damages suffered, and hence the judgment was conclusive as against his subsequent action for conversion of wood stored upon defendant's premises and for a half acre of growing potatoes as to which his right depended upon his contract of employment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1109; Dec. Dig. § 594.*]

Appeal from St. Lawrence County Court.

Action by Frederick Spragg against Alexander Barton. From a judgment dismissing his complaint, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Forrest K. Moreland, of Ogdensburg, for appellant.
William D. Ingram, of Ogdensburg, for respondent.

WOODWARD, J. The complaint in this action alleges conversion of 40 cords of stove wood, valued at $60, stored upon the premises of the defendant, which were at the time in the possession of the plaintiff, and likewise of half an acre of growing potatoes, valued at $60. The answer sets up a defense to the effect that the plaintiff and defendant entered into a contract whereby the defendant employed the plaintiff as a farm laborer to work on defendant's farm in the town of De Peyster for the term of one year from the 1st day of March, 1911, up to the 1st day of March, 1912, together with the use of plaintiff's horse upon said premises, at the monthly compensation of $30, the defendant to furnish plaintiff with firewood and the use and occupation of a house with a small parcel of land near said house as a part of the consideration for such services; that the plaintiff entered upon the employment of the defendant on the 1st of March, 1911, remaining in such employment up to the 1st of May of that year, when he voluntarily, and without lawful justification, abandoned the employment, thus forfeiting his rights under the original agreement; that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

subsequently the parties entered into a new agreement, on or about the 8th day of May, 1911, by the terms of which the plaintiff was to fulfill his contract of employment, the term to expire on the 1st day of November, 1911; that the plaintiff entered upon this employment, and remained until on or about the 17th day of June, 1911, when he again abandoned the work and refused to complete the contract; and that the defendant on or about the 14th day of July, 1911, requested plaintiff to remove from the premises, and that this was later done under the terms of an agreement between the plaintiff's wife and the defendant. As a further defense it was pleaded that on or about the 3d day of July, 1911, the plaintiff in this action brought an action in the Supreme Court for the purpose of recovering damages for the alleged breach of the contract of employment above referred to, and that upon the trial of that action the plaintiff was awarded a verdict of six cents damages, and that subsequently judgment was entered in such action, and this judgment is pleaded as a bar to the present action, which was commenced in justice court, where a judgment was found for the plaintiff in the sum of $32 damages and costs. An appeal to the County Court for a new trial resulted in such new trial, and the learned County Court has held that the judgment of the Supreme Court, growing out of the contract alleged, is a bar to the plaintiff's right of recovery.

There is no dispute that the plaintiff brought an action to recover the damages which he claimed to have suffered by reason of the unlawful termination of his contract of employment with the defendant, and it seems clear to us that if the contract of employment was terminated, if there was a breach of the contract under which the plaintiff was to have his house rent, a garden, and his firewood as a part of his compensation, the termination of the contract operated to close the transaction between them, and that the plaintiff was entitled to recover in a single action all of the damages which he had suffered, whether from a failure on the part of the defendant to furnish wood or any other compensation. The original contract did not vest title in any given amount of wood in the plaintiff; he was to have the firewood which was necessary for his use during the term of the employment, and when there was a breach of the contract, the plaintiff became entitled not to a given quantity of wood, but to the damages which he had sustained through the breach of the contract, and these comprehended all the damages which he had suffered by reason of not being permitted to complete his contract and remain upon the premises during the term of employment, with the incidents of such employment. His right to the wood and to the garden and to the use of the house all depended upon his employment, and all the damages became fixed at the time of the breach of the contract, and all of these questions must be deemed to have been disposed of in the Supreme Court action in which the plaintiff had a verdict in his favor.

The former judgment is res adjudicata (Pray v. Hegeman, 98 N. Y. 351, 358), and the judgment appealed from should be affirmed, with costs. All concur.