JONAS P. VARNUM, as Receiver of Certain Property Transferred by
Thomas Bolton to Catherine Bolton, Respondent and Appel-
lant, v. Herman Behn, Respondent, and Bolton Shoe Company
Appellant, Impleaded with Others.

*Fraudulent conveyance — right of creditors to pursue the property — effect of an
adjudication that the conveyance is fraudulent as to one grantee and not so as to the
other — effect of a conveyance of the property to a corporation issuing its stock
therefor.*

Where a debtor conveys his business to his wife and a third party by a bill of
sale which subsequently, in an action brought by judgment creditors of the
debtor, is adjudged fraudulent and void as to the wife, but valid as to the third
party and a purchaser therefrom, the latter does not render himself liable to
creditors of the debtor by continuing, after receiving notice of the fraud, to
conduct the business with the debtor's wife under a partnership agreement pre-
viously made, or by uniting with the wife, during the pendency of an appeal
from the judgment rendered in the creditors' action, in conveying the business
to a corporation in payment for substantially its entire capital stock.

The receiver appointed in the judgment creditors' action is entitled to recover
from the corporation, purchasing *pendente lite,* the value of the wife's interest
in the property conveyed to it, and to recover from the wife the value of the
property conveyed to her by the debtor, her husband, and not merely the
shares of stock in the corporation received by her for such property.

The fact that the wife, on the demand of the receiver for the return of the prop-
erty conveyed to her by her husband, delivered to him all the shares of the
stock of the corporation then standing in her name does not preclude him from
maintaining an action against the wife where he offers in his complaint and on
the trial to return said stock.

The corporation, having acquired the wife's interest during the pendency of the
judgment creditors' action, with knowledge thereof, is bound by the adjudica-
tion rendered against her therein. Such adjudication is also conclusive in
favor of a purchaser in good faith from the third party, who has been made a
party defendant in such action.

RUMSEY and WILLIAMS, JJ., dissented.

APPEAL by the plaintiff, Jonas P. Varnum, as receiver of the
property transferred by Thomas Bolton to Catherine Bolton, from
so much of a judgment of the Supreme Court, entered in the office
of the clerk of the county of Monroe on the 23d day of April, 1900,
upon the report of a referee, as dismisses the complaint as to the
defendant Herman Behn.

Also an appeal by the defendant, the Bolton Shoe Company,
from the whole of said judgment.

*Walter S. Hubbell,* for the plaintiff.

*Joseph W. Taylor,* for the Bolton Shoe Company and Herman Behn.

Judgment affirmed, with costs, on opinion of William G. Tracy, referee.

All concurred, except RUMSEY, J., who dissented in an opinion in which WILLIAMS, J., concurred.

The following is the opinion of the referee :

WILLIAM G. TRACY, Referee :

For several years prior to the month of August, 1893, Thomas Bolton had carried on a profitable shoe business in the city of Rochester, N. Y., having a large and valuable plant, stock and merchandise, but the business in the years 1891 and 1892 had been declining, and on the 2d day of August, 1893, he was in an embarrassed condition, and knew himself to be so. Upon that day he conveyed to his wife, Catherine Bolton, and Frederick A. Sherwood, by a bill of sale dated that day, all the machinery, dies, lasts, patterns, tools, furniture, fixtures, and the entire stock of shoes, slippers and other goods manufactured and in process of manufacture, and all manufactured stock and merchandise in his shoe factory at Rochester, N. Y., together with certain accounts, a list of which was attached to the bill of sale, amounting to $4,418.71. This bill of sale covered substantially all his property except his good will in the shoe business, certain unfilled orders for goods, sample trunks and shoes used in his business. The only consideration for said transfer was the satisfaction of an indebtedness, or liability, of Thomas Bolton to said Sherwood of $11,744.56, and the similar satisfaction of an alleged indebtedness of said Bolton to his wife of a larger amount. The conveyance was obtained by said Sherwood, so far as he was concerned, for the purpose of getting his debt paid. He did not intend to carry on the business with Mrs. Bolton, but to sell out his interest to some one who would do so, or close up the business if such a purchaser could not be found. After the conveyance was made Sherwood took possession of the property. He stopped the manufacture of new goods, but completed those partially finished, and filled orders on hand, continuing to do so until the 15th day of

August, 1893, and putting into said business over and above all receipts therefrom the sum of $2,207.45.

Upon the 15th day of August, 1893, said Sherwood transferred to the defendant Herman Behn, by a bill of sale dated that day, the undivided one-half of said property conveyed to himself and Catherine Bolton by Thomas Bolton for the sum of $13,988.44. This purchase price was made up of the sum of $11,744.56, being the amount of Bolton's debt to said Sherwood, and the sum of $2,207.45 advanced by said Sherwood as aforesaid. This purchase was made by Mr. Behn with the intention of forming a partnership with Catherine Bolton under the name of the Thomas Bolton Shoe Company, and carrying on the business formerly carried on by Thomas Bolton, and partially under his management. Upon the same day an agreement of partnership in writing to that effect was entered into between Catherine Bolton and Herman Behn, dated that day, which was to continue until the 31st day of December, 1896. This agreement recited that they were equal partners, and had each delivered in stock to said firm the sum of $13,000. No mention was made of the good will of Thomas Bolton in the business conducted by him or of the sample trunks or shoes, or of the unfilled orders, in the bill of sale or the partnership agreement above mentioned, but those instruments seem to have been practically construed by the parties thereto to cover said property and the same were appropriated and used by said firm with the consent of Thomas Bolton.

Upon the 1st day of November, 1893, a judgment creditor's action was commenced in the Supreme Court by the Commercial Bank and Menzo Van Voorhis, who had recovered judgments against Thomas Bolton, as plaintiffs, against Thomas Bolton, Catherine Bolton, Frederick A. Sherwood and Herman Behn, as defendants. A trial of said action was afterwards had, and a judgment was recovered therein on the 16th day of August, 1894, adjudging that said transfer by Thomas Bolton to Catherine Bolton and Frederick A. Sherwood was fraudulent and void as to said judgment creditors, and that they severally recover from said Catherine Bolton and Frederick A. Sherwood the amounts of their respective judgments against Thomas Bolton. It was also adjudged thereby that Herman Behn was a purchaser for value, in good faith, from

Sherwood, without notice of any alleged fraud, and the complaint was dismissed as to him upon the merits, with costs. The defendants in said last-mentioned action, except Behn, appealed from said judgment. While said appeal was pending, and on the 1st day of January, 1895, the Bolton Shoe Company was incorporated with a capital stock of $50,000, divided into 500 shares of $100 each. The property and assets of the Thomas Bolton Shoe Company were thereupon transferred and delivered by it to said corporation without any written conveyance thereof. Three hundred and sixty-five shares of said capital stock were issued to Herman Behn on account of his interest as partner and creditor of said firm, he being the sole creditor thereof; one hundred shares of said stock were issued to Catherine Bolton and $975.44 placed to her credit, and subsequently paid her by said corporation, on account of her interest in the assets of said firm. Of the remaining thirty-five shares twenty shares were issued to Catherine Bolton for her promissory note of $2,000. They were subsequently surrendered to said corporation by her, and reissued to Mr. Behn for the sum of $1,000 paid therefor. The other fifteen shares were issued to Henry Bolton, Ernest Arlidge and Theodore Steinhausen, employees of said firm, who were incorporators of, and became directors in, said corporation. Each received five (5) shares and gave his note of $500 therefor, which notes have never been paid.

In the month of June, 1895, said judgments against Catherine Bolton and Frederick A. Sherwood were reversed as to them, and a new trial granted. That action was then brought to trial a second time and a judgment recovered therein on the 14th day of August, 1896, dismissing the complaint as to the defendant Sherwood on the merits, with costs, and adjudging that said bill of sale of Thomas Bolton, dated August 2, 1893, was fraudulent and void so far as the same purported to convey to Catherine Bolton the undivided one-half of the property therein mentioned as against the plaintiffs in said action, and that the property conveyed thereby was applicable to the payment of the judgments of the plaintiffs therein. The plaintiff in this action was appointed by said judgment receiver of the property conveyed by Thomas Bolton to Catherine Bolton by said bill of sale, dated August 2, 1893, and of the increase thereof, and the income and interest thereon, and said Catherine Bolton

directed to account for the same and the proceeds and profits thereof to said receiver.

Upon the 6th day of February, 1897, and subsequently, previous to the commencement of this action, the plaintiff herein, as such receiver, demanded of Catherine Bolton and the Bolton Shoe Company the property conveyed to her by Thomas Bolton, as aforesaid, and the profits, income and interest derived therefrom and the proceeds of the sales thereof. In response thereto, and previous to the commencement of this action, Catherine Bolton delivered to said receiver a certificate for eighty-five shares of the capital stock of the Bolton Shoe Company, being all of said stock then standing in her name. This action was thereafter brought on the 18th day of October, 1898, by said receiver against Thomas Bolton, Catherine Bolton, Herman Behn and the Bolton Shoe Company. The plaintiff demanded that the defendants Herman Behn and Catherine Bolton should be adjudged liable to the plaintiff for the full amount of all the assets of Thomas Bolton transferred to Catherine Bolton, and that the plaintiff have judgment against them for the value thereof; and that the Bolton Shoe Company be adjudged liable to the plaintiff for that portion of said property it had received, and that the plaintiff have judgment against said corporation for the value thereof. The plaintiff in his complaint stated that said certificate of stock delivered to him by Catherine Bolton would be produced in court to be disposed of as the court should direct. Upon the trial of this action before me the plaintiff offered to surrender the same, but his offer was not accepted by the defendants.

The plaintiff contends that the defendant Behn had notice that the transfer by Bolton to his wife and Sherwood was claimed to be fraudulent by Bolton's creditors when he purchased the interest of Sherwood in the property transferred. There is, I think, no evidence to sustain such a finding, and the Supreme Court has already decided in the judgment creditors' actions, in which the plaintiff was appointed receiver, that the transfer by Sherwood to Behn was valid, which judgment is conclusive upon the plaintiff. It necessarily covers also any liability of said Behn which is claimed to have arisen from the use and appropriation of the good will of the business of Thomas Bolton, and of the sample trunks, shoes and unfilled orders.

It is further contended by the plaintiff that the defendant Behn, by continuing his partnership with Catherine Bolton, after he had knowledge that the transfer to her and Sherwood was alleged to be fraudulent and void as to the creditors of Thomas Bolton, and a suit had been brought to set the same aside, and a judgment recovered therein that said transfer was fraudulent and void, and by uniting with Catherine Bolton in the conveyance of all the property of their firm to the Bolton Shoe Company, a corporation formed for the purpose of becoming the purchaser of said property, whose capital stock was substantially all issued to Herman Behn and Catherine Bolton, made himself liable to account to, and pay the plaintiff for, the value of the property fraudulently conveyed to Catherine Bolton, and the proceeds thereof. The plaintiff further contends that such legal liability arose from his (Behn's) acts and conduct under the circumstances, with knowledge of the existing litigation, and also because such transfer and change to said corporation was made for the express purpose of hindering, delaying and defrauding the creditors of Thomas Bolton.

Where an innocent purchaser becomes a joint owner of a stock of goods with a person whose title thereto is subsequently alleged to be fraudulent, it does not seem to me that he makes himself liable to creditors by carrying on and continuing a firm business with his joint transferee under a partnership agreement entered into before he had notice of the alleged fraud, or by uniting with his copartner in a transfer of all the firm assets to a third party. At the time the judgment creditors' action was brought, in which Mr. Behn was a party defendant, the partnership had continued for a period of three months, and at the time it was first tried it had been in existence for a period of eight months. And I do not see why the judgment in favor of Behn is not conclusive as to any liability claimed to have arisen by reason of the continuance of the partnership by him after notice that the transfer by Bolton was claimed to be fraudulent. It is claimed by the plaintiff that that question was not litigated upon the former trial, but the facts were before the court, and I think fairly covered by the pleadings, or that relief on that ground would have been awarded if demanded by the plaintiffs, and the court had found they were entitled to the same on the facts proved. Nor does it seem to me that there is sufficient evidence in

the case to justify me in holding that such change and transfer to said corporation was made with any fraudulent intent on the part of Mr. Behn. Under the perplexing circumstances in which he was placed he might have considered the same a good way to protect himself, and the value of the business from injury until the fraud of Catherine Bolton had been finally adjudged and determined in the action brought for that purpose, in which an appeal was then pending by Catherine Bolton, which was subsequently successful. He was not bound to prefer the interest of Bolton's creditors to his own.

I do not think, therefore, that the plaintiff is entitled to recover in this action of the defendant Herman Behn, and as to him the complaint should be dismissed on the merits, with costs.

A different question is presented, however, as to the right of the plaintiff to recover against the Bolton Shoe Company. That corporation had knowledge and notice when the firm assets of the Thomas Bolton Shoe Company were transferred to it that the Supreme Court of this State, in an action brought therein in which Catherine Bolton and Herman Behn were made parties, that said court had adjudged that said conveyance and transfer by Thomas Bolton to his wife was fraudulent and void as to his creditors. That judgment was subsequently reversed as to Catherine Bolton, and a new trial granted, but upon the second trial another judgment was recovered that such conveyance was fraudulent and void against Catherine Bolton and the plaintiff appointed receiver of the property conveyed to her. The interest of Catherine Bolton in the firm assets conveyed to the Bolton Shoe Company consisted of the property and business conveyed to her by Thomas Bolton, or was derived therefrom, and the legal liabilities and rights of the Bolton Shoe Company, as transferees of Mrs. Bolton, are precisely the same as if the property conveyed to the corporation had been the same property conveyed by Bolton to his wife and Sherwood. A great deal of evidence was given before me by both sides upon the question whether the conveyance by Thomas Bolton to his wife was fraudulent and void as to his creditors, but I think the judgments recovered in the judgment creditors' actions are conclusive evidence in favor of the plaintiff and against all the defendants in this action that the transfer of Thomas Bolton to his wife was fraudulent and

void as against his creditors. The Bolton Shoe Company acquired title to the interest of Catherine Bolton in the assets of the firm of the Thomas Bolton Shoe Company *pendente lite*, with actual notice of the pending action in which their assignors were made parties defendant. The complaint in that action was at that time on file in the clerk's office of Monroe county. I do not see under the authorities cited why there is not a privity of estate between the Bolton Shoe Company and Catherine Bolton, and why that company is not bound by the adjudication subsequently rendered in said action against her, although not made a party thereto. Nor do I see any reason why the defendant Herman Behn is not bound by the adjudication that the transfer by Thomas Bolton to Catherine Bolton dated August 2, 1893, was fraudulent and void as to the property conveyed to her. He was a party defendant in that action, and relies upon the judgment recovered in his favor therein as a defense in this action. Every person is privy to a judgment who has succeeded to an estate or interest held by one who was a party to the judgment, this succession taking place after the bringing of the action. (21 Am. & Eng. Ency. of Law, 139; *Murray* v. *Ballou*, 1 Johns. Ch. 565; *Pray* v. *Hegeman*, 98 N. Y. 351; *Krekeler* v. *Ritter*, 62 id. 373.)

It is claimed by the defendants that the interest of Mrs. Bolton in the firm assets of the Thomas Bolton Shoe Company is represented by the capital stock of the corporation now held by her, and that all the receiver is entitled to is the eighty-five shares of the capital stock now belonging to her in his possession, but I think such a decision would be unjust to the judgment creditors of Thomas Bolton. If Mr. Behn had purchased Mrs. Bolton's interest in the Thomas Bolton Shoe Company at the time of the formation of the corporation, or a third party had bought the interest of both partners therein, after suit had been brought to set aside the transfer by Bolton to his wife, and with knowledge of the pendency of such action, such purchaser upon an adjudication being made in such action that the transfer was fraudulent and void would have become liable to account to the judgment creditors for the interest of Catherine Bolton in the property conveyed and pay them for the value thereof. The fact that the purchaser was a corporation, formed by Mrs. Bolton and Herman Behn, who hold all of its capital stock that has been legally issued, does not require the judgment credit-

ors to accept the stock. They may treat the corporation the same as any other purchaser with notice.

Nor do I think the plaintiff should be held bound by the receipt of the stock of the Bolton Shoe Company from prosecuting this action. He was appointed receiver of the property of Thomas Bolton conveyed to Catherine Bolton and its proceeds. In response to his demands upon Catherine Bolton for said property, she delivered to him said stock. Upon the trial of this action he offered to surrender the same, which offer was not accepted.

The assets of the firm were purchased by the corporation for the sum of $47,236.97, paid therefor in capital stock and money to Mrs. Bolton and Mr. Behn. The value of Mrs. Bolton's interest in said assets transferred was placed at $10,975.44, and paid for at that rate. In the annual report in January, 1896, signed by Mr. Behn, Henry Bolton and Theodore Steinhausen, and verified by Herman Behn and Henry Bolton, the value of the corporate property was placed at $50,000 over and above all liabilities aside from its capital stock. From the evidence in this case I think that Mrs. Bolton's interest in the assets of the firm of the Thomas Bolton Shoe Company, including the good will of the business acquired from Thomas Bolton and continued by the use of his name, was fairly worth at the time of the transfer to said corporation the sum of $12,000, and that the plaintiff is entitled to recover that sum, with interest from January 1, 1895, from the defendant, the Bolton Shoe Company. The value of the property and assets of Thomas Bolton at the time of the transfer of the same to Catherine Bolton and Frederick A. Sherwood, including the unfilled orders, good will, sample trunks and shoes, was $28,000, and I think the plaintiff is entitled to recover against Catherine Bolton the sum of $14,000, with interest from August 2, 1893.

RUMSEY, J. (dissenting):

I cannot concur in the affirmance of so much of this judgment as charges the Bolton Shoe Company with the value of the assets received by Mrs. Bolton from her husband in 1893. It is an established fact in the case that Herman Behn had no notice of the fraud claimed to have been perpetrated by Thomas Bolton upon his creditors by the transfer of his property to his wife until August 19,

1893. Before that time he had purchased the assets which had been sold by Sherwood, had formed a partnership with Mrs. Bolton, had assumed liabilities towards her and had put all his own assets into the firm of the Thomas Bolton Shoe Company. When he received that notice no actions had been begun against Thomas Bolton by the plaintiffs in the creditors' suits, and no effort was made by those creditors until November, 1893. So that the Thomas Bolton Shoe Company, which had bought these assets, had dealt with them until November, 1893, and no effort had been made on the part of the plaintiffs, or any one else, to establish a lien on them so that they could be applied to the payment of the plaintiffs' debts. If a lien can be said to be established by the mere commencement of a creditor's action, which I do not accede to, it is quite clear that there was no lien until November, 1893. What was the value of the assets at that time does not appear. The Thomas Bolton Shoe Company dealt with the property until January, 1895. What was the condition of it at that time, how much had been used, how much had become useless, and of what value, does not appear. It went into the hands of the Bolton Shoe Company on the 1st of January, 1895. The persons who constituted that company had notice, as is found by the referee, that the original transfer to Mrs. Bolton was made in fraud of the creditors of Thomas Bolton, and it must be assumed, I suppose, that so far as they took those original assets they took them with notice of the right of the creditors to pursue them wherever they might be. But the creditors certainly had no further right than that, and if Mrs. Bolton had disposed of those assets to *bona fide* purchasers before that time, and had received money for them which she had put in her pocket, the Bolton Shoe Company would not be called upon, as I look at it, to suppose that the property which she still held at that time was a portion of that which she had received from her husband in fraud of his creditors, or that it was chargeable with her husband's debts.

I cannot accede to the proposition that one who takes property from an insolvent in fraud of his creditors is precluded for all time from dealing with that property, or any other, just because the creditors are seeking to pursue it. I think that the Bolton Shoe Company should only be made liable, at the outside, for the

value of the property which Mrs. Bolton received from her husband, and which was actually transferred to that corporation. There was not one particle of evidence in the case to show what was the value of that property, either when it was transferred by Bolton to his wife, or by Mrs. Bolton to the Thomas Bolton Shoe Company, or by that firm to the corporation. All that is in evidence with respect to it is that, when the corporation was organized, Mrs. Bolton received stock to the amount of $10,975.40, less the sum of $2,024 paid out to her. Clearly the Bolton Shoe Company never received that $2,024, or one penny of it, and there is no claim that it did, but it is charged by the referee with that sum just as if it had received it. The only evidence as to the value of the property is that the corporation paid Mrs. Bolton for her interest in the assets of the firm the sum of $10,975.40. That those assets of the firm were the same property that was transferred to Mrs. Bolton by her husband is not made to appear. All that is said about it by the referee is that it was the same property covered by the bill of sale, or property substituted by her and her partner in place thereof, and proceeds of sale of property so conveyed and substituted. Certainly the Bolton Shoe Company is not responsible for the proceeds of property which Mrs. Bolton had received from her husband and sold and which she had put into the firm; and in no event is it responsible for more than the actual value of the property which it received; and, as I have said, there is no evidence of that value. The value put upon it by the firm was ten thousand and some odd dollars, but that is no evidence of the actual value, and the corporation is not required to account to any one else for that amount. This court has just held, as I understand it, in *Sebring* v. *Wellington* (63 App. Div. 498), that evidence of what is paid for a thing is not competent as bearing upon its value. If that rule be applied here, evidence of what was paid by the company for Mrs. Bolton's share of the assets of the firm is clearly no evidence of its value.

I think the judgment should be modified at least by charging the Bolton Shoe Company with the amount only of the value of the assets which it received from Mrs. Bolton at the time of the organization of the company; if, indeed, it can be said to be chargeable with anything at all.

WILLIAMS, J., concurred.