LORENZ REICH, Appellant, *v.* ALEXANDER SMITH COCHRAN and WILLIAM F. COCHRAN, JR., Individually and as Executors, etc., of WILLIAM F. COCHRAN, Deceased, Respondents, Impleaded with THE GORHAM COMPANY and Others, Defendants.

First Department, March 4, 1921.

Judgments — res judicata — suit to have assignment of lease declared to have been given as security for usurious loan and for accounting by assignee as mortgagee in possession — original lease to plaintiff assigned to defendant with lease back to plaintiff and also right to purchase — final order dispossessing plaintiff and judgments in favor of assignee in actions involving transactions are res judicata — appeal — duty of counsel to point out wherein court below erred and to designate facts in record.

The lessee of a hotel, who had assigned his lease to a creditor and taken back a lease of the premises from him and also a right to purchase, seeks to treat the creditor as a mortgagee in possession and alleges that the assignment of the lease was given for a usurious loan and asks that various instruments be determined to have been given as security for a loan and to constitute a mortgage by operation of law, that the executors of the creditor be required to account for rents, etc., as mortgagees in possession and that the plaintiff be allowed to redeem.

*Held*, that the following order and judgments are *res judicata* as to the issues involved herein: (1) a final order in summary proceedings by the creditor against the lessee; (2) a judgment in favor of the creditor in an action by the lessee to enjoin the summary proceedings on the

ground that the assignment of the lease was usurious, which was rendered on the ground that the final order in summary proceedings was *res judicata*; (3) a judgment in favor of the creditor in an action by him against the lessee to recover rent due up to the 'time of his dispossession in which said lessee claimed that the lease was given as security for a usurious loan; (4) a judgment dismissing the complaint upon the merits in an action by the lessee against the creditor to set aside the aforesaid order in summary proceedings and the judgment in the action to restrain said proceedings on the ground of fraud and conspiracy with his attorney in which action the plaintiff alleged the usurious character of the loan.

The Appellate Division has power under section 1317 of the Code of Civil Procedure, for the purpose of supporting the judgment, to reverse the finding of the trial court that the last named judgment was not *res judicata*, though the judgment herein was wholly in favor of the defendants and though an appeal will not lie from findings of fact, for the very purpose of having respondents' objections and exceptions printed in the record on appeal is to enable the court to reverse such rulings and make the decision that the court at Special Term should have made.

It is the duty of counsel to point out wherein the court below erred and to designate in the record the place where the facts in support of counsel's contentions may be found.

APPEAL by the plaintiff, Lorenz Reich, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 10th day of September, 1917, on the decision of the court rendered after a trial at the New York Special Term of certain issues pursuant to an order of the Appellate Division, First Department.

*Alton B. Parker* of counsel [*George N. Hamlin, F. A. Card* and *George E. Morgan* with him on the brief; *George E. Morgan*, attorney], for the appellant.

*Samuel Untermyer* of counsel [*James L. Bishop* and *Percy H. Stewart* with him on the brief; *Percy H. Stewart*, attorney], for the respondents.

PAGE, J.:

This litigation has been in the courts of this State for thirty years. The plaintiff held a lease of the Hotel Cambridge from the trustees of the estate of William B. Astor for a term of five years from May 1, 1886, with a privilege of renewal for a further term of fifteen years. In making alterations and furnishing the hotel he became indebted to William F. Cochran in the sum, as plaintiff claims, of $185,000, although

he states in the complaint that Cochran claimed that the debt was $275,000. Upon threat of suit to collect the debt, Reich assigned the Astor lease to Cochran and took back a lease of the premises from Cochran. Cochran also gave him an agreement that upon performing all the terms and conditions of the lease and if Reich should give notice to Cochran three months prior to May 1, 1900, of his election so to do, he should have the right to purchase the leasehold interest of Cochran, together with the furniture and fixtures, for the sum of $185,000.

Reich defaulted in the payment of rent under his lease and Cochran brought summary proceedings to dispossess him. Reich commenced an action in the Supreme Court to enjoin and restrain the prosecution of the summary proceedings, upon the ground that the alleged assignment of the Astor lease was not an absolute assignment, but was a pledge to secure the payment of a debt; that the rent reserved in the lease was not intended as rent but was to secure to Cochran a greater sum as interest than six per cent; that the whole transaction was void on the ground of usury; and he sought to have the lease and the assignment set aside.

Pending this action a final order was obtained August 17, 1892, dispossessing Reich as tenant. A supplemental answer was served in the injunction action. That action was tried by Mr. Justice INGRAHAM and resulted, March 2, 1893, in a judgment in favor of the defendant, on the ground that the final order in the summary proceeding was *res adjudicata* of the issues tendered in the injunction action. Appeals were taken to the General Term (74 Hun, 551) and the Court of Appeals and the judgment was affirmed (151 N. Y. 122, 126).

The matters set up in the complaint in the injunction action could have been pleaded by way of defense in the summary proceedings, not of course as a counterclaim for equitable relief. The Court of Appeals said: "A judgment taken by default in summary proceedings by a landlord for non-payment of rent is conclusive between the parties as to the existence and validity of the lease, the occupation by the tenant, and that rent is due, and also as to any other facts alleged in the petition or affidavit which are required to be alleged as a basis of the proceedings. [Citations.] To authorize a judgment to remove a tenant holding over, the conventional

relation of landlord and tenant must exist, and, in such a proceeding, the tenant, under a denial of the facts upon which the summons is issued, may prove that the alleged lease was executed in pursuance of an usurious agreement and is void, so that such relation does not exist. (*People ex rel. Ainslee* v. *Howlett*, 76 N. Y. 574.)

" The principle of the authorities cited seems decisive of the question under consideration. To establish the relation of landlord and tenant between the parties, and to entitle the defendant to a judgment in the summary proceedings, the existence of a valid lease upon which rent was due from the plaintiff to the defendant was necessary. The existence of such a lease was alleged in the petition and not denied. No cause was shown before the District Court why possession of the property should not be delivered to the petitioner. The plaintiff neither alleged nor attempted to prove that the lease was usurious, or invalid for any other reason. The questions whether the lease was intended as a mortgage, and, if so, whether it was based upon an usurious contract, could have been tried in the proceedings in the District Court. The determination in that proceeding comprehended and involved every question relating to the validity of the lease and the relation between the parties, and the estoppel of the judgment extends to them even though they were not litigated or considered in that proceeding. [Citations.]

" The rule as stated by ANDREWS, J., in *Pray* v. *Hegeman* (98 N. Y. 351) must be regarded as the general rule in this State governing the question of estoppel by judgment. In that case it was said: ' The general rule is well settled that the estoppel of a former judgment extends to every material matter within the issues which was expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action. Whatever is necessarily implied in the former decision is, for the purpose of the estoppel, deemed to have been actually decided.' "

In January, 1899, Reich brought two actions which were consolidated, to set aside and vacate the order of August 17, 1892, and the Ingraham judgment, on the ground of fraud and conspiracy with his attorney. The complaint was very voluminous. Among other things it alleged the facts in regard to the usurious character of the loan, although the prayer for relief did not ask that the instruments be set aside. Upon the trial plaintiff's attorney insisted, over defendant's objection, in giving proof of the facts of usury, and moved to amend his prayer for judgment by inserting " such other or further relief as to the court may seem just." This motion was denied. The court, however, took the proof offered for its bearing on the question of the fraud and conspiracy, upon the theory that the question of whether Reich had a *bona fide* defense would have a material bearing on the issues.

Mr. Justice BISCHOFF, before whom the case was tried, found as a matter of fact: " The transactions and agreements between the parties, resulting in the written agreements of February 11th, 1888, * * * were not intended to, nor did they constitute a loan of money from William F. Cochran to Lorenz Reich, nor were the assignment of the Astor lease from Reich to Cochran, the lease from Cochran to Reich, and the option for repurchase, or either of them, or any or all of the instruments executed on February 11th, 1888, intended to be, nor were they security for the payment of a loan of money from Cochran to Reich," and on the issue of fraud and conspiracy found in favor of the defendant and dismissed the complaint upon the merits. This judgment was affirmed (139 App. Div. 931; 201 N. Y. 450).

In May, 1893, Cochran brought action against Reich to recover the rent due up to the time of the dispossess. Reich interposed an answer in which he set up as a defense that the lease was made and delivered to the plaintiff as security for a usurious loan. When the case came on for trial before Mr. Justice DUGRO the defendant defaulted, and upon proof the court made findings of fact in favor of the plaintiff and granted judgment for the amount of rent and the value of the use and occupation.

Two actions were also brought by Cochran against Reich and his wife to recover on certain promissory notes. Reich

pleaded that these were given pursuant to a usurious agreement. Hamilton Odell was appointed referee to hear and determine, and he gave judgment for the plaintiff. Neither counsel has stated the facts in regard to these cases, and we are not required to search through this voluminous record to discover them. The learned justice at Special Term held that these judgments were not an estoppel by way of *res adjudicata.* Defendant asks us to reverse this finding in support of the judgment. He should have pointed out wherein the court erred. They appear to be separate and independent transactions having no bearing on the issues in this action.

Cochran also brought two dispossess proceedings for non-payment of rent. In these Reich interposed the defense that the lease was given as a part of the usurious transaction. The court, however, ruled that the final order of August 17, 1892, and the Ingraham judgment were *res adjudicata,* and refused to receive the evidence and granted final orders to the landlord.

Notwithstanding these many adjudications, Reich now brings this action, in which he claims that the judgment in the Ingraham case and the Court of Appeals upon the appeal therefrom merely held that the lease of Cochran to Reich was not usurious, and seeks to treat Cochran as a mortgagee in possession, and alleges that the assignment of the Astor lease was given as security for a usurious loan. The prayer for judgment is that the various instruments hereinbefore described be determined to have been given as security for a loan, and to constitute a mortgage by operation of law; that Cochran be required to account for rents, issues and profits as a mortgagee in possession; that the moneys so received be applied in payment of the indebtedness; and that he be allowed to redeem, and that the plaintiff have such other and further relief as may be just and proper in the premises.

The defendants, besides denying allegations of the complaint, pleaded the various judgments and final orders hereinbefore set forth as *res adjudicata.* An order was denied directing the separate trial of these defenses. From this order defendants Cochran appealed. It was reversed and motion granted (171 App. Div. 113). On the trial of these issues the court correctly found that the final orders of August

17, 1892, and March 2, 1893, the Ingraham and Dugro judgments, were *res adjudicata*, but erroneously held that the Bischoff judgment was not.

We are asked by the defendants to reverse this finding and to make a finding that the Bischoff judgment was also *res adjudicata*. We have power to do this under section 1317 of the Code of Civil Procedure, for the purpose of supporting the judgment. (*Rives* v. *Bartlett*, 215 N. Y. 33; *Ely* v. *Barrett*, 224 id. 550.) The appellant argues that we cannot do this because the defendants have not appealed from the judgment. The defendants could not appeal from the judgment as it was wholly in their favor, and an appeal will not lie from a finding of fact. The very purpose of having the respondents' objections and exceptions printed in the record on appeal is to enable this court to reverse such rulings and make the decision the court at Special Term should have made.

The finding in regard to the Bischoff judgment will be reversed and a new finding made that such judgment was *res adjudicata*, and the judgment affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment affirmed, with costs. Settle order on notice.