CARRIE BRIDENBAKER, Plaintiff, v. MAY KISSELL, Sometimes Known as MAY EGLINGTON, and Others, Defendants.

Supreme Court, Wyoming County, February 15, 1928.

CARRIE BRIDENBAKER, Plaintiff, v. MAY KISSELL, Sometimes Known as MAY EGLINGTON, and Others, Defendants.

Supreme Court, Cattaraugus County, February 15, 1928.

Judgments — res judicata — actions in ejectment based on contention that adopted children of life tenant could not take under will leaving remainder to "lawful heirs" of tenant under Domestic Relations Law, § 114 — prior action related to same property and was based on alleged fraudulent deed to foster parents for life and then to heirs of foster father — question of effect of said section could have been raised under pleadings in said action — said question was not directly raised until case was on appeal — former judgment is res judicata even though present action relates to another piece of property and arises under will — rule of stare decisis applies.

These are actions in ejectment to recover the possession of certain real property. The will devised the property to the son of the testator, the foster father of two of the defendants, for life and after his death " to his lawful heirs." The son left no children other than the two adopted children. The contention of the plaintiff, a sister of said son, is that under section 114 of the Domestic Relations Law, the adopted children cannot take and that, therefore, the property descended to the plaintiff. A prior action by the same plaintiff and against the same defendants was brought to recover possession of the same property mentioned in one of the present actions which had been deeded to said son and his wife for life and in default of children to go upon the death of both parties to the " heirs of " the son. That action was based primarily on an allegation that the deed was procured by fraud but the pleadings were so drawn that the contention that the adopted children could not take might have been raised. In fact that contention was raised before the Appellate Division and the Court of Appeals, and it was held that the plaintiff could not recover.

Since the actions are between the same parties, and the question might have been raised on the prior trial and was in fact raised on appeal, the question is res judicata.

However, since one of the present actions relates to another piece of property the rule of res judicata may not be technically applicable. If that is held, still the doctrine of stare decisis applies.

THE first of these actions relates to certain real property located in the village of Arcade, Wyoming county, N. Y., the second to certain real property located in Cattaraugus county. The two actions were tried together.

P. L. Buck, for the plaintiff.

John Knight, for the defendants William Blake and May Kissell (now Pierce).

James S. Pierce, for the defendant Florence Yarnell Bissell.

CHARLES B. WHEELER, Official Referee.   One Joseph Eglington in his lifetime was the owner of the properties in question.   The plaintiff Carrie Bridenbaker and Uriah J. Eglington were the only children of Joseph Eglington, now deceased.   Uriah J. Eglington, the son, survived his father, but died intestate in 1921.   He had attempted to marry the defendant May Kissell, but this marriage was illegal and void for the reason the said May Kissell had a former husband living at the time of her marriage to Uriah J. Eglington. Uriah J. Eglington left him surviving no children of his blood, but with the consent of May Kissell (then known as his wife) adopted as his children the defendants Harold Yarnell and Florence Yarnell.

By his last will and testament Joseph Eglington in the 3d clause thereof made the following disposition of the house and lot in the village of Arcade:

" *Second.* I give and bequeath to my beloved daughter, Carrie Bridenbaker, the sum of Five Hundred Dollars.   This sum to be in lieu of any and all claims or demands that may or might be put in by her for any services, distributive share or otherwise in my estate.   I further will should any claim of any kind be put in by said Carrie or should she in any manner seek to set aside or contest this my last will and testament then and in that case the within legacy to be null and void and my said daughter Carrie to have no share in my estate.

" *Third.* The house and lot in Arcade, N. Y. being situate on the East Main Street in said village and bounded east by lands of Mrs. Armstrong and west by lands of one Vanocker, I will and devise to my beloved son Uriah Eglington for and during the term of his natural life and after his death to his lawful heirs."

Uriah J. Eglington died in 1921, and the plaintiff contends that as the sister and heir at law of her brother Uriah she is and became the owner of this property to the exclusion of Harold and Florence Yarnell, the adopted children of Uriah J. Eglington.   This contention is predicated on a construction claimed for section 114 of the Domestic Relations Law (as amd. by Laws of 1925, chap. 608) reading as follows:

" § 114.   Effect of adoption.   Thereafter the parents of the person adopted are relieved from all parental duties toward, and of all responsibility for, and have no rights over such a child, or to his property by descent or succession * * *.   Where a parent who has procured a divorce, or a surviving parent, having lawful custody of a child, lawfully marries again, or where an adult unmarried person who has become a foster parent and has lawful custody of a child, marries, and such parent or foster parent consents

that the person who thus becomes the stepfather or the stepmother of such child may adopt such child, such parent or such foster parent, so consenting, shall not thereby be relieved of any of his or her parental duties toward, or be deprived of any of his or her rights over said child, or to his property by descent or succession. If the order allowing and confirming the adoption shall direct that the name of the child be changed, the child shall be known by the new name designated in such order. His rights of inheritance and succession from his natural parents remain unaffected by such adoption. The foster parent or parents and the person adopted sustain toward each other the legal relation of parent and child, and have all the rights and are subject to all the duties of that relation, including the right of inheritance from each other, except as the same is affected by the provisions in this section in relation to adoption by a stepfather or stepmother, and such right of inheritance extends to the heirs and next of kin of the person adopted, and such heirs and next of kin shall be the same as if he were the legitimate child of the person adopting, *but as respects the passing and limitation over of real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the person adopted is not deemed the child of the foster parent so as to defeat the rights of remaindermen.*"

On June 6, 1906, Joseph Eglington conveyed to the said Uriah J. Eglington and May Eglington, as husband and wife, the land in question located in Cattaraugus county. After the description the deed contained the following provision: " It is agreed by and between these parties that the above-described lands and property shall not be sold by the parties of the second part and at the death of both parties of the second part the property shall go to their children if any survive them. If not, then it shall go to the heirs of Uriah J. Eglington. The parties of the second part agree to accept of the purchase of the above in said manner."

The plaintiff contends that under the last clause of section 114 of the Domestic Relations Law she is entitled to the possession of one-half interest in said property as Uriah J. Eglington died without children of his own blood him surviving. The defendants claim that they are the heirs of Uriah J. Eglington and as such entitled to the possession of said properties.

In September, 1923, this plaintiff began an action in this court against the same defendants named in these actions to recover possession of the same property described in the action now brought by her affecting and relating to the Cattaraugus county property. In that action the plaintiff among other things alleged that the deed of said property given by Joseph Eglington to Uriah J. Eglington

and May Eglington was procured by the fraudulent representation that the said May Eglington was the lawful wife of Uriah J. Eglington when in truth and in fact such was not the case. She also sought to set aside the adoption proceedings in and by which Harold Yarnell and Florence Yarnell were adopted by Uriah and May Eglington. The action was tried before Mr. Justice LARKIN of this court, and a decision rendered and a judgment entered denying all the claims of the plaintiff in that action on the merits. In these two actions now before the referee the defendants by answer set up this former adjudication, and allege the same as a bar to the maintenance of these actions.

We now call attention to certain of the allegations contained in the complaint in this former action, and give a history of said action as bearing on the question as to whether such former adjudication constitutes a bar to the maintenance of these actions.

The complaint in the action brought and tried before Mr. Justice LARKIN not only alleged that the deed of conveyance given by Joseph Eglington to Uriah J. Eglington and May Eglington was procured and induced by fraudulent representations, but among other things also alleged the death of Uriah Eglington leaving Carrie Bridenbaker, the plaintiff, " *his only sister and heir* " and that " *the defendants Harold Yarnell and Florence Yarnell under the alleged adoption proceeding, have or claim to have some lien, interest or title to the premises described* * * * *which constitutes a cloud upon the title of this plaintiff.*"

In the second alleged cause of action the complaint sets forth the death of Joseph Eglington leaving the said Uriah J. Eglington and Carrie Bridenbaker " *his only surviving children, legatees and heirs at law* " and that the claim of May Eglington " *constitutes a cloud upon the title of this plaintiff to the property described in exhibit C.*"

The third alleged cause of action related to another parcel of land described in Exhibit D and alleges among other things " *the defendants Harold Yarnell and Florence Yarnell claim to have some claim or title to the described property.*"

In the prayer for relief the court is among other things asked to reform the deed given by Joseph Eglington to Uriah J. Eglington and May Eglington and " *that the title to the property described in the above said deed as reformed be declared to be in the plaintiff, and that she be put in immediate possession thereof.*

" *That the said plaintiff be declared to be the sole owner and entitled to the immediate possession of all the lands and premises of which Uriah J. Eglington died seized described in this complaint in Exhibits C and D and that she be put in immediate possession thereof.*"

In the last analysis the action partook of the nature of one of ejectment coupled with allegations of the invalidity for alleged fraud of the deed from Joseph Eglington to Uriah Eglington and May Eglington.

It would seem that the defendants under these allegations were at liberty on the trial to show any fact which would operate to defeat the plaintiff's claim of title, and that the plaintiff on her part was equally at liberty to contend that although she might fail to establish the invalidity of the deed given by Joseph Eglington to Uriah J. Eglington and May Eglington on the alleged ground of fraud, nevertheless she acquired title under the provision of section 114 of the Domestic Relations Law, if a proper construction of that section would sustain her allegation of title to the property described, either by virtue of the deed attacked or by virtue of the provisions of the last will and testament of Joseph Eglington.

It appears, however, that upon the trial of the action before Mr. Justice LARKIN the provisions of section 114 of the Domestic Relations Law were not urged by plaintiff's counsel to support the plaintiff's alleged title.  Mr. Justice LARKIN rendered his decision in favor of the defendants holding, among other things, "*That the plaintiff, Carrie Bridenbaker, has no title or interest in and to the premises described in the complaint herein.*"

An appeal from the judgment entered upon that decision was taken by the plaintiff to the Appellate Division of this court and upon that appeal the provisions of section 114 of the Domestic Relations Law were called to the attention of the court by the appellant and it was contended that by virtue of its provis.ons the plaintiff acquired title, and the judgment on the decision of Mr. Justice LARKIN should, therefore, be reversed.  The Appel ate Division, however, affirmed the judgment.  (See 215 App. Div. 751.)

A motion was then made for a reargument of the case, and if denied for leave to appeal to the Court of Appeals.  (See 216 App. Div. 785.)  That motion was denied and the plaintiff then moved in the Court of Appeals for leave to appeal to that court.

The affidavit made in support of that motion stated that it appeared to counsel making the affidavit that the court had " overlooked the true construction of section 114 of the Domestic Relations Law, and of the decisions of the Appellate Division and of the Court of Appeals in construing the same," etc.  In support of this contention, counsel for the plaintiff submitted a brief making the identical points and arguments raised in the present actions.

The Court of Appeals, however, denied the plaintiff's motion on the merits.  Such is the history of the former litigation which the defendants in the present actions contend has become *res*

*adjudicata* and bars the plaintiff from maintaining the present actions. This is one of the principal questions the present referee has to decide. In the trial of the former actions before Mr. Justice LARKIN the principal issue apparently litigated was whether the deed from Joseph Eglington to Uriah J. Eglington and May Eglington was procured or induced by fraud. Nevertheless the pleadings were in our opinion so framed that the plaintiff could also have contended, as she now contends, that under the Domestic Relations Law she took title to the property she claimed as owner and heir.

Mr. Justice LARKIN decided the case without opinion and although counsel concede the provisions of section 114 of the Domestic Relations Law were not called to the attention of Justice LARKIN by them on the trial of that action we do not think we can assume the court did not take judicial notice of the provisions of the statute and render his decision with it in view. The presumption would seem to be to the contrary.

The omission of counsel, however, to urge on the court the provisions of the statute we do not think can now be taken advantage of by counsel as a justification for the bringing of a new action. The rule in such cases is properly stated in 23 Cyc. 1170, where it is said: "A judgment on the merits, rendered in a former suit between the same parties or their privies, on the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action. A party therefore must present in one action all the reasons, grounds, and evidence which he may have in support of his claim or defense, and if he has several claims or titles to the property in controversy he must assert them all." (Citing numerous cases in this and other States, among others: *Pray* v. *Hegeman*, 98 N. Y. 351; *Davies* v. *Mayor, etc.*, 93 id. 250; *Smith* v. *Smith*, 79 id. 634; *Shuman* v. *Strauss*, 52 id. 404. See, also, *Honsinger* v. *Union Carriage & Gear Co.*, 175 N. Y. 229, 230; *Barber* v. *Kendall*, 158 id. 401, 405.)

In the case of *Pray* v. *Hegeman* (98 N. Y. 351) an action was brought to have a certain trust created by will declared void. The judgment held the trust to be valid. A subsequent action was brought to reach certain accumulations on the ground that the trust, although otherwise valid, was as to accumulations void. Although the latter question was not litigated in the former suit the court held it might have been and the former judgment a bar to the subsequent action.

Both the deed from Joseph Eglington to Uriah J. Eglington and

May Eglington and the last will and testament of Joseph Eglington were introduced in evidence on the trial before Mr. Justice LARKIN. The question before the court was whether the plaintiff had any title to the property in question. That necessarily depended not only on the question as to whether the deed was procured by fraud, but if not, whether by virtue of the deed and the will of Joseph Eglington the plaintiff acquired any title to the property. The court decided she did not. However, the fact remains that on the appeal from the judgment to the Appellate Division and upon the motion for leave to appeal to the Court of Appeals made in that court the contention was made by counsel for the appellant, the plaintiff in that action (and this contention was supported by authorities submitted to those courts for their consideration), that by virtue of the provisions of section 114 of the Domestic Relations Law the plaintiff did in fact and in law acquire title to the property in dispute, and the judgment rendered by Mr. Justice LARKIN was erroneous and should be reversed for those reasons.

It cannot be said, we think, that, whether passed on by Mr. Justice LARKIN or not, the question raised was not fully presented to and passed on by the Appellate Division and the Court of Appeals. The right of the appellant to present such views does not seem to have been challenged by the respondents. The decision of those courts was adverse to the appellant's contention.

Although no opinion seems to have been written by either of those courts we must assume they gave the questions presented full consideration, and found as they did against the appellant. The appellant at least deemed the questions raised by her counsel fairly within the province of the court to decide.

In view, therefore, of all the facts and circumstances the referee is forced to decide that the former judgment pleaded in the defendants' answers constitutes a bar to the maintenance of these actions.

It is, however, urged by counsel for the plaintiff that such holding cannot apply to the action now brought touching the plaintiff's interest in the house and lot located in the village of Arcade, inasmuch as the former action related solely to other property located in the county of Cattaraugus.

The parties in interest are the same, and the real questions of law involved are the same, in both cases turning on the construction of section 114 of the Domestic Relations Law. The construction involved as applied to the property described in the two actions is the same. They cannot be differentiated. We must assume that the construction given in the prior litigation was adverse to the contention made in these actions. Even though it could be said that that construction is not technically to be deemed res *adjudicata*

as to the Arcade property, nevertheless the questions decided in the former litigation must be deemed to be *stare decisis* in the action touching the Arcade parcel.

The views the referee has taken obviate any necessity on his part of discussing the force and effect of section 114 of the Domestic Relations Law for we deem those questions decided by the decisions rendered in the former litigation to which we have referred. We might add, however, in this connection that by the will of Joseph Eglington (2d clause) the testator bequeathed to his daughter Carrie Bridenbaker, the plaintiff in these actions, the sum of $500 and declared " this sum to be in lieu of any and all claims or demands that may or might be put in by her for any services, distributive share or otherwise in my estate." He thus clearly indicated that under no circumstances should she take any greater interest, and cut her off from claiming as " heir at law " any interest in the real property involved in these actions.

As a conclusion of the whole matter we reach the conclusion that the complaints in these actions must be dismissed.

So ordered.