## In the Matter of the Estate of MORRIS K. JESUP, Deceased.

Surrogate's Court, New York County, December 2, 1936.

*Platt & Walker*, for the successor trustees.

DELEHANTY, S. By his will deceased directed the setting apart of $300,000 in trust for the benefit of his nephew Charles M. Jesup and for the secondary benefit of Sarah Katherine Jesup, his wife, if she survived him. Charles M. Jesup died in January, 1926. His wife still survives. On January 2, 1909, the trust fund was paid over by the executors of deceased to the trustees named in his will and by decree filed January 10, 1910, such payment was approved. From the date of the erection of the trust it was managed by one of the trustees who died November 2, 1922. On February 25, 1924, his executors filed in his behalf an account of his proceedings as trustee down to the date of his death and with it a petition which asked that the commissions for receiving the principal of the trust might be allowed to the estate of the deceased trustee. That account resulted in a decree which confirmed an order made on June 16, 1924, allowing to the estate of the deceased trustee one-half commissions for receiving the principal of the trust fund. The commissions so allowed were fixed in the sum of $1,606.04. This amount was paid to the executors of the deceased trustee on June 17, 1924.

In the intermediate account of the successor trustees filed in 1926 they show that in December of 1923 they paid themselves respec-

tively sums of $1,606.04 as commissions for receiving the principal of the trust. They show that they paid their predecessor $1,606.04 as directed by prior court order. Thus three sums of $1,606.04 are shown to have been paid for receiving commissions. This first account of the successor trustees was settled by decree of February 10, 1927. That decree is still in effect and no application is now made nor has any ever been made to modify it in any respect.

The question here presented is whether the successor trustees may now deduct as receiving commissions a further sum computed on the basis established by the legislation of 1923 which increased commissions generally. They assert that the sums of $1,606.04 received by them respectively are only payments on account of receiving commissions.

Reference to the proceeding which resulted in the decree of February 10, 1927, discloses that a petition was filed by the accounting parties in which the sum of $294,418.80 is recited as the balance of principal remaining in their hands on January 15, 1926. The petition states that the accounting parties deem it necessary " that the trustees continue to hold all of said balance of principal * * * after deducting commissions and other expenses chargeable to income." In the prayer for relief the petitioners ask that their proceedings be settled and adjusted and " that proper costs and allowance for expenses be made out of the trust estate in the hands of the accountants *together with any commissions which may be found to be due.*" (Italics not in original petition.)

The 1926 account itself listed the commissions and other expenses incurred in the administration of the trust fund as follows:

1923
Dec. 28    Metropolitan Trust Company, cotrustee, one-half commission for receiving principal of trust of $302,208.78 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    $1,606 04
Dec. 28    Joseph Walker, Jr., cotrustee, one-half commission for receiving principal of trust of $302,208.78 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1,606 04
1924
June 17    Joseph Walker, Jr., Caspar Wister Morris and Frances Lewis Cuyler, as executors of the last will and testament of Thomas DeWitt Cuyler, sole surviving trustee for services as executors of the said deceased trustee in preserving and collecting the trust property between the date of death of the said trustee and the date of the transfer of the assets to the substituted trustees in accordance with decree dated June 16, 1924 . .    750 00

| | |
|---|---:|
| June 17 Dunnington & Walker, legal services allowed by decree dated June 16, 1924............... | $2,500 00 |
| June 17 Barrow, Wade & Guthrie, accountants, on account of services rendered and approved by decree dated June 16, 1924................. | 175 00 |
| June 17 Joseph Walker, Jr., Caspar Wister Morris and Frances Lewis Cuyler, executors under the will of Thomas DeWitt Cuyler, sole surviving trustee, representing commissions for receiving the principal and increase of the said trust fund as shown in their said account filed in the Surrogate's Court June 14, 1924, and amounting to $302,208.78 and approved by decree dated June 16, 1924......................... | 1,606 04 |
| | $8,243 12 |

The decree of February 10, 1927, which finally settled the account recites that the surrogate " having examined said account now here finds the state and condition of said account to be as stated and set forth in the following summary statement thereof." Then follows a recital of charges and credits. In the credits shown in the summary statement of principal transactions is included the entire sum of $8,243.12 which is the total of the above recited items. This credit includes of course the two items of $1,606.04 paid to themselves by the accounting parties. The decree then states " that said account be and the same hereby is finally and judicially stated, settled and allowed as filed and adjusted." It then provides that after making payments specifically described in the decree, the accounting parties are " to retain and hold as trustees * * * the entire balance of said trust fund in their hands remaining." It then provides that yearly " out of the income from the balance of said trust fund " the trustees " after deducting therefrom their lawful commissions and expenses chargeable to income " are to pay over a certain net sum out of income to one beneficiary and the balance of income to another. The decree then provides that upon termination of the trust the trustees are " to pay over the balance of principal of said fund then remaining in their hands as such trustees, after deducting their lawful commissions and expenses chargeable to principal."

It is to be noted that pursuant to the account, the petition and the decree the figures which enter into the final principal sum upon which the beneficiaries of income are entitled to receive payment result in a principal computed after deduction of two sums as

receiving commissions payable to these successor trustees. As already stated, they asked to have fixed any commissions *due* them. The principal amount upon which from the date of the 1927 decree the income beneficiaries were adjudged to be entitled to the entire income was fixed without reservation of any right of deduction of any further capital charge whether for commissions, costs, lawyers' fees or any other purpose. As to all parties who were before the court that decree fixed finally the amount with which the trustees were chargeable as principal and necessarily adjudicated that no other principal charges were then deductible.

It has already been noted that the payment to themselves of receiving commissions was made by the trustees on December 28, 1923. It is apparent from the original trust capital that the commissions taken by the trustees were computed at the rate in effect prior to September 1, 1923. As of that latter date the rate of commissions had been substantially increased. Whether the charge of a receiving commission of $1,606.04 by the deceased trustee was taken into account or whether the trustees felt that they had taken office on a basis of compensation to which they ought to adhere or whether they acted in ignorance of their legal rights in respect of commissions is not now disclosed nor is it of any material consequence. The fact is that they filed an account in which they set forth that they had taken their receiving commissions and desired approval thereof. They made no reservation in the account of any future claim for receiving commissions. They asked in their petition that their receiving commissions be fixed. They submitted a decree in which the computations were based upon the fixation of the receiving commissions for which they asked and which they showed as already paid. By the decree they were directed to hold a net principal sum as the principal upon which income beneficiaries were of right entitled to all the income less only commissions *on income*. As the account now before the court shows, they administered the trust on the basis of the principal so adjudged to be in their hands. They took a decree which directed that they eventually pay over the principal so fixed less only their lawful commissions, *i. e.*, their paying-out commissions. They are too late now in asking to be paid receiving commissions at the rate fixed by the statute effective September 1, 1923. (Surr. Ct. Act, § 285, as amd. by Laws of 1923, chap. 649; since amd. by Laws of 1934, chap. 892, and Laws of 1936, chap. 202.) The decree of February 10, 1927, is a complete adjudication on that subject and a complete bar to the payment now sought.

" The general rule is well settled that the estoppel of a former judgment extends to every material matter within the issues which was expressly litigated and determined, and also to those matters

which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. [Citing cases.] It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action. Whatever is necessarily implied in the former decision, is for the purpose of the estoppel deemed to have been actually decided." (*Pray* v. *Hegeman*, 98 N. Y. 351.) Authority to this same effect is ample. (*Hull* v. *Hull*, 225 N. Y. 342; *Reich* v. *Cochran*, 196 App. Div. 248; *Hollenbeck* v. *Ætna Casualty & Surety Co.*, 215 id. 609; *Bridenbaker* v. *Kissell*, 131 Misc. 534; affd., 226 App. Div. 850; *Field* v. *Chronik*, 190 id. 501; *Stewart* v. *Stewart*, 198 id. 337; *Central Trust Co. of New York* v. *Falck*, 177 id. 501).

Request is now made for paying-out commissions on the capital of the trust actually disbursed. These commissions will be allowed so far as the disbursements are concerned occurring after the transactions settled by the decree of February 10, 1927.

The accounting parties will furnish a recomputation of their commissions in conformity with this decision and insert the proper amounts in the decree. Thereupon it will be signed. Proceed accordingly.