In the Matter of the Accounting of WILLIAM L. MARCY, JR., as Surviving Trustee under the Will of JULIA B. ABBOTT, Deceased.

Surrogate's Court, Erie County, May 3, 1946.

*William I. Morey* and *Ernest J. Brown* for contestants.

*Fred C. Rider,* for Christine P. Abbott and another, as executors of Frank W. Abbott, deceased, petitioners.

*William L. Marcy, Jr.,* as surviving trustee, in person.

VANDERMEULEN, S. Julia B. Abbott died December 12, 1932. By article " Fifth " of her will she devised and bequeathed her residuary estate, both real and personal, to her executors, Frank Wayland Abbott and William L. Marcy, Sr., in trust, to pay the income to Frank Wayland Abbott for his life and on his death to divide the estate into two shares, paying the income of one share to Christine Pride Abbott for her life and the income of the other share to Louise Wyman Grover for her life. The decedent bequeathed and devised the remainder of each share to Mildred Snow and Julia Miller Snow, share and share alike. (Mildred Snow died intestate May 14, 1942, leaving as her sole distributee her mother, Violetta P. Snow.)

In a proceeding for the judicial settlement of the executors' accounts in 1934, Frank Wayland Abbott and William L. Marcy, Sr., who were named both executors and trustees by the will claimed principal commissions on real property valued at $311,725.99 bequeathed under article " Fifth " of the will of Julia B. Abbott and principal commissions as trustees under the said article for receiving the principal, including the real property. The same parties who are contestants here objected to the allowance of such commissions upon the ground that the real property had passed on the decedent's death directly to the accountants in their capacity as trustees and that in any event double commissions could not be allowed because there was no essential change of duties in the administration of the real property in their capacity as executors and their capacity as trustees.

Thereafter, on July 13, 1934, Frank Wayland Abbott and William L. Marcy, Sr., signed, acknowledged and filed in the accounting proceeding a waiver of " all claim to commissions as trustees upon principal of said estate, including the value of the real property of which said decedent died seized."

On the same day, July 13, 1934, the court made and entered a decree in which this waiver is referred to. After making such reference, the court allowed Frank Wayland Abbott and William L. Marcy, Sr., each a full executor's commission, including commissions on the real property, and directed that " no commissions upon principal be allowed to them as trustees,

now or hereafter.'' Pursuant to this decree, Frank Wayland Abbott received and receipted for $6,770.45 principal commissions as an executor, which included a full executor's commission computed on the $311,725.99 of real property.

On an accounting by the trustees in 1945, subsequent to the death of William L. Marcy, Sr., neither Frank Wayland Abbott nor the estate of William L. Marcy, Sr., requested the allowance of any trustees' principal commissions and none were allowed by the decree of judicial settlement.

In this proceeding for the judicial settlement of the account of Frank Wayland Abbott, deceased trustee, and William L. Marcy, Jr., successor trustee, the executors of the estate of the deceased trustee, Frank Wayland Abbott, seek to be allowed principal commissions as trustees for a period from October 20, 1943, to October 20, 1944, under subdivision 1B of section 285-a of the Surrogate's Court Act amounting to $934.53, and a further sum of $833.62 under the same subdivision of said section for a period from October 20, 1944, to May 3, 1945. Apparently the dispute hereinbefore mentioned over the allowance of commissions was settled by compromise and the court allowed to each fiduciary one full commission on the real property in their capacity as executors and in return Frank Wayland Abbott and William L. Marcy, Sr., waived *all* claim to commissions as trustees upon the principal.

The language of the decree of July 13, 1934, was as follows: '' It is FURTHER ORDERED, ADJUDGED AND DECREED that said petitioners, Frank Wayland Abbott and William L. Marcy, are hereby each allowed the further sum of $3352.04 in full of their commissions as Executors on the principal of said estate, including the value of said real property not specifically devised and that no commissions upon principal be allowed to them as Trustees, now or hereafter.'' No appeal was taken from this decree and it is now *res judicata*, binding upon all parties, including Frank Wayland Abbott and now binding upon his estate. (Surrogate's Ct. Act, § 80; *Matter of Coutts*, 140 Misc. 93, affd. 235 App. Div. 705, affd. 260 N. Y. 128; *Matter of Ziegler*, 218 N. Y. 544; *Matter of Jesup*, 161 Misc. 618, affd. 251 App. Div. 813; *In Re Leeds' Estate*, 23 N. Y. S. 2d 679; *Cook v. Stockwell*, 206 N. Y. 481.)

Counsel for the estate of Frank Wayland Abbott, deceased, contends that inasmuch as section 285-a of the Surrogate's Court Act, enacted in 1943 and 1944 (added by L. 1943, ch. 694, as amd. by L. 1944, chs. 138, 139), placed trustees' commissions on an entirely new basis, that the waiver executed in

1934 had no effect as to rights created by subsequent act of the Legislature. That is best answered by stating that the executors *waived all commissions* irrespective of the amount.

*Matter of Barrett* (124 Misc. 699) applies to the instant case. In that case the decree entered prior to the amendment of the statute increasing commissions had allowed the executor the statutory receiving commissions, as distinguished from awarding executor's commissions and denying trustee's commissions as here. Subsequently the statute was amended to increase the rates. In holding the fiduciary not entitled to the benefits of the new statute in respect to assets on which receiving commissions were previously allowed, Surrogate FOLEY said at page 703: " The prior decree here specifically recited the award of commissions, and is conclusive on the amount thereof. (*Joseph* v. *Herzig*, 198 N. Y. 456; *Slater* v. *Slater*, 175 id. 143; *Matter of Schley*, 202 App. Div. 169; *Matter of Nickel*, 125 Misc. 493.)

" I hold, therefore, that the executor is estopped from challenging the decree already entered as to the commissions awarded at its request and accepted by it. The additional commissions based on the amount received must be denied."

The law is clear that the estoppel of Frank Wayland Abbott to claim any trustee's principal commissions extends to his estate and representatives. (*Matter of Smith*, 217 App. Div. 701; *Matter of Healey*, 161 Misc. 298, 302–303.)

I am, therefore, of the opinion that the executors of the estate of Frank Wayland Abbott, the deceased trustee, are not entitled to the commissions they seek in this accounting proceeding.

During the pendency of this proceeding, a plan was submitted by the attorney for the contestants, for advancing payments by the remaindermen in the above estate for the purpose of liquidating the annual principal commissions to William L. Marcy, Jr., successor trustee, who is now administering the trust, at an annual interest rate of 4%, and to which at that time the attorney for the estate of Frank Wayland Abbott raised some objection. Since then he has withdrawn the objection and the decree may contain a ratification of such arrangement.

Let the decree of judicial settlement provide accordingly.